VAN BRUNT, P. J.
—This action was brought to recover a balance due upon a building contract The defendants, by their answer, denied that anything was due, and set up, by way of defense and. counterclaim, a provision in the contract between the plaintiff and the defendants, whereby the plaintiff agreed that, in case his work on the store mentioned"in the agreement should nob be completed on September 20,1893, lie would pay to the defendants, or they might, at their option, retain the sum of $250 for each and everyday that his work was uncompleted, until the same was finished, and in which it was further stipulated that said $250 should be liquidated damages, and not a penalty. The defendants'further alleged that the plaintiff did not complete the work to be done by him under said contract on September 20,189&, nor until October 16, 1893, and that the defendants have suffered damage, bv reason of the failure to complete said work until October 16, Í893, in the sum of $6,000. The plaintiff replied to the counterclaim, admitting that the work was not completed on the 20th of September, and alleging that he was delayed in the completion of the work, and was prevented from completing the same within the time limited, by the acts, omissions, and delays of the defendants, and their agents, servants, and other contractors and mechanics employed by them; and that the defendants gave to said persons the possession of portions of said building necessary to be used by plaintiff to complete his work, and requested the plaintiff not to interfere with them, and not to complete hi,s work under the contract until the said work of said workmen and mechanics was completed. Upon consent of the parties, the action was referred, and the referee found in favor of the plaintiff, upon the ground that the defendants interfered with the plaintiff, and delayed the completion of his work beyond the time contracted *745 for. A judgment having been entered upon such report, from such judgment this appeal is taken.
In the consideration of this appeal, it will not be necessary to examine in detail the voluminous evidence which was offered before the referee upon the trial of this case. It is claimed upon the part of the appellants that the referee erred in finding that the defendants interfered with the plaintiff, and prevented the completion of his contract, by refusing to permit the plaintiff to transfer certain iron shutters from the easterly wall of the old building to the easterly wall of the new building, and to connect the two buildings by doors, for the reason that the provision of the contract was that this work was to be done at the convenience of-the owners. But this convenience of the owners, if they are to hold the contract- or to the time limit of the contract, must refer to some suitable time within the term of the contract. They cannot wait until after the time for the completion of the work has expired, as they did in the case at bar, and then claim that the contractor is not excused from his default in completing his work in time. In the case at bar, the contractor wanted to remove the shutters within the time limited by the contract, and he was requested to leave them there until a considerable time after the contract should have been completed. This delay, clearly, was through no fault of his ; and, when it was agreed to, it extended the time for the performance of the contract.
The appellants further claim that the referee erred in finding that the defendants’ architects, with the knowledge and consent of the defendants, prevented the completion of the plaintiff’s contract on September 20, 1893, by procuring him not to lay the wooden flooring on the first floor, and to omit to put in the iron store front, until ten days after September 20, 1893. The evidence is conclusive upon this point that large quantities of materials were lying upon this floor, belonging to the other contractors, and that the plaintiff demanded the possession of that floor in time to have completed the work, but that he was requested to leave the material there, and not to complete the contract until requested by the owners. And this evidence also shows that, after the plaintiff got possession, this work was completed within a short period of time.
It is further urged that the referee erred in finding that the defendants prevented the plaintiff from completing his contract on September 20th, by demanding and receiving, for the convenience of other contractors, the exclusive use of the elevator shafts. But, if the referee did err in this respect, it does not in any manner affect the two other points upon which the referee based his decision. By the uncontradicted acts of the defendants—by their requests, established beyond peradventure—the plaintiff refrained from doing those things which were necessary'to complete his contract within the time limit. This being the case, how is it possible to hold him for a fixed sum, as liquidated damages for noneompliance? But it may be said, and was urged upon the argument, that although this may be the condition of affairs, yet still these *746 requests and acts of the defendants were not responsible for the whole of the delay, and that, therefore, there should be some apportionment of the delay. But in their contract these defendants were careful explicitly, and with precision, to define the rights of the parties. They provided that the §250 a day was not to be a penalty, but liquidated damages. There was to be no question about it. If the plaintiE delayed he was to pay §250 a day as long as the delay continued. This was to be liquidated damages, and not a penalty. The plaintiE being under this strict obligation, how can he be held to it when, by the very request of the defendants, he refrained from so completing his contractas to bring hivn-self within the limit fixed by such contract ? If the specified day has passed, and has passed because of the acts of the defendants, who is to determine for how much of the delay the plaintiff must pay §250 a day—this precise, fixed, liquidated damage ? It is manifest that, when the plaintiff allowed the contract day to go by, at the request of the defendants, he can only be made responsible for neglect, and cannot be held under the contract. The plaintiff being absolved from the obligation of completing the building on the 20th September by the express action of the defendants, such obligation could not be renewed, except by express contract. The plaintiff could not know when he -would be held to be in default, under such circumstances; and where, by the terms of the contract, liquidated damages are to be sustained after a given day, the plaintiff is entitled to know with precision when he is laborihg under such an obligation, and not to be required to leave it to the judgment of a jury as to what is a reasonable time. It is impossible, under the contract, to apportion liquidated damages. Either the liability for the liquidated damage exists, or it does not. It ■cannot half exist, and half be waived. In the case at bar, there was a definite contract, which was abrogated by the acts of both parties; and it requires equally concerted agtiou to breathe life into it again—of evidence of which the case is entirely barren.
The judgment should be affirmed, with costs.
All concur.