Mosler Safe Company, Respondent, v. Maiden Lane Safe Deposit Company, Appellant.

Building contract — construction and effect of clause providing that builder should pay a certain sum "as liquidated damages for each day's delay in completion of the work" — effect of mutual fault of parties.

In contracts entered into by plaintiff and defendant for the construction of a fire and burglar proof safe and vaults, plaintiff agreed to complete the work within a certain specified time and to pay a sum therein fixed "as liquidated damages for each day's delay in the completion of the work." The work was not completed within the stipulated time and in an action to recover on the contract defendant set up counterclaims for the liquidated damages provided in each contract. Plaintiff recovered, and it must be presumed·that the jury, under the charge of the trial judge, found on sufficient evidence that defendant was responsible for a substantial part of the delay. Under the contract the architect was the repesentative of the defendant and if he materially delayed the work the defendant became responsible therefor.

Generally whenever the damages flowing from the breach of a contract can be easily established, or the damages fixed are plainly disproportionate to the injury, the stipulated sum will be treated as a penalty. Where, however, the damages resulting from the breach would be uncertain or difficult, if not incapable of ascertainment, then the agreement of the parties liquidating them, in anticipation, will be enforced. These contracts come within the class of cases in which the presumable damage from the failure to complete the work contracted for by the date fixed would be uncertain if at all capable of exact measurement.

Where under a contract such as this the contractor's original obligation is brought to an end by the mutual fault of the parties, he does not come under a new obligation to pay the damages from some subsequent date.

Where the parties are mutually responsible for the delays, because of which the date fixed by the contract for completion is passed, the obligation for liquidated damages is annulled and, in the absence of some provision under which another date can be substituted, it cannot be revived. If the plaintiff failed to complete within a reasonable time after crediting the defendant's delays, then the latter had a cause of action for the former's neglect and the measure of damages would be the actual loss proved to have been sustained.

*Mosler Safe Co.* v. *Maiden Lane Safe Deposit Co.*, 138 App. Div. 905, affirmed.

(Argued October 17, 1910; decided November 15, 1910.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 14, 1910, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Alfred A. Wheat* and *Frank A. Gaynor* for appellant. The acts and omissions of an architect or superintendent in respect to all matters intrusted to his determination under such contracts as those involved in this case are not impeachable except for fraud or bad faith. (*Mahoney* v. *O. R. Co.*, 133 App. Div. 656 ; *Sweet* v. *Morrison*, 116 N. Y. 19 ; *Smith* v. *Mayor, etc.*, 12 App. Div. 391 ; *Snyder* v. *City of New York*, 74 App. Div. 421 ; *Becker* v. *Woarms*, 72 App. Div. 196 ; *Woarms* v. *Becker*, 84 App. Div. 491 ; *Jones* v. *City of New York*, 60 App. Div. 161 ; *Sewer Commissioners* v. *Sullivan*, 162 N. Y. 594 ; *Del Genovese* v. *T. A. R. R. Co.*, 13 App. Div. 42.) The court erred in allowing the acts of Mossman to be impeached without proof of fraud or bad faith. (*C. I. Works* v. *City of New York*, 104 App. Div. 272 ; *Ryan* v. *C. I. & R. Co.*, 104 Pac. Rep. 218 ; *Boston Store* v. *Schleuter*, 114 S. W. Rep. 242 ; *Wyckoff* v. *Woarms*, 118 App. Div. 699 ; *Tew* v. *Newbold-on-Avon*, 1 Cab. & El. 260 ; *Clark* v. *Watson*, 18 C. B. [N. S.] 277.) The court erred in charging that the defendant's entire claim for liquidated damages was abrogated if any substantial part of the delay was caused by the defendant or the architect, and in refusing to charge that the defendant was entitled to recover the damages for the delays not caused by the defendant or the architect. (*Small* v. *Burke*, 92 App. Div. 338 ; *Wallis* v. *Wenham*, 204 Mass. 83 ; *McGown* v. *A. T. Co.*, 121 U. S. 575 ; *M. D. D. Co.* v. *S. T. Co.*, 161 Fed. Rep. 99 ; *C. M. O. Co.* v. *Brin*, 123 N. Y. Supp. 6 ; *S. P. Assn.* v. *Moore*, 183 U. S. 660.)

*Benjamin N. Cardozo* and *Malcolm Sundheimer* for respondent. Where a building contract provides that a build-

ing shall be completed by a designated date, and the owner permits the contractor to proceed with the work and accepts the materials and labor thereafter, and the contractor fully performs his contract except as to the time provided for the completion thereof, the owner is estopped from interposing the delay as a defense to the action for the agreed price, and his only remedy thereafter is by a counterclaim, or an independent action for the damages resulting from the delay. (*Deeves & Son* v. *M. L. Ins. Co.*, 195 N. Y. 324; *Dunn* v. *Steubing*, 120 N. Y. 232; *R. H. Co.* v. *City of N. Y.*, 129 App. Div. 292; *Dannatt* v. *Fuller*, 120 N. Y. 554; *Crocker-Wheeler Co.* v. *Varick Realty Co.*, 104 App. Div. 568; *Kenny* v. *Monahan*, 53 App. Div. 421; 169 N. Y. 591.) If any substantial part of the delay was caused by the defendant's acts, the right to counterclaim for liquidated damages was defeated. (*Willis* v. *Webster*, 1 App. Div. 301; *Weeks* v. *Little*, 89 N. Y. 566; *Dodd* v. *Churton*, L. R. [1 Q. B. 1897] 562; *Holme* v. *Guppy*, 3 M. & W. 387; *Dady* v. *Mayor, etc.*, 57 Hun, 456; *H. T. B. Co.* v. *Nixon*, 61 Misc. Rep. 469; *Thilemann* v. *City of N. Y.*, 82 App. Div. 136; *C. R. I. Co.* v. *Village of Oneonta*, 117 App. Div. 332; *Cornell* v. *S. O. Co.*, 91 App. Div. 345; *Green* v. *Gaines*, 1 Hilt. 254; *Deeves* v. *Mayor, etc.*, 17 N. Y. Supp. 460.) The contention is untenable that the architect in directing the mode of performance was an arbiter or umpire, and not the defendant's agent. (*Del Genovese* v. *T. A. R. R. Co.*, 13 App. Div. 412; *Norcross* v. *Wills*, 198 N. Y. 336.)

Gray, J. The plaintiff, in this action, has sought to recover the balance of the moneys due under three contracts with the defendant; which provided for the construction, in one, of a fire proof vault, in another, of a fire proof and burglar proof safe and, in another, of a fire and burglar proof vault. These contracts were, substantially, the same in their general provisions and each called for the completion of the work by a fixed date. Each contained an agreement for liquidating the damages, in the event of non-completion by the time fixed; the

31

several agreements differing only in the amount. The agreement in the first contract reads " that time is of the essence of this contract and whereas failure to thus complete the work within the time mentioned will cause serious loss and damage to the second party, (the defendant), the precise extent of which might be difficult of estimation in money, the first party, (the plaintiff), agrees to pay the sum of $25 per day to the second party as liquidated damages for each day's delay in the completion of said work." In the second and third contracts, the amount is fixed at $25 and at $150, respectively. The answer of the defendant to the three causes of action, founded upon these three contracts, admitted due performance by the plaintiff, except as to the time of completion, and set up counterclaims for the liquidated damages provided in each contract to be paid, upon the basis of the number of days, which had elapsed after the date fixed for completion. There was no dispute as to the number of days' delay ; which ranged from 117 days, under the first contract, to 211 days, under the second contract, and to 193 days, under the third contract. At the trial of the action, there was much evidence bearing upon the subjects of the preparation and approval of the various drawings, designs and detail plans, and of the conduct of the parties and of the defendant's architect, with reference thereto. It was the contention of the plaintiff that it showed that the defendant delayed the progress of the work in deviation from the plans and in unreasonable omissions to pass upon the drawings, and that, in such, and in other ways, it was prevented from completing the work by the latter's default. The defendant contended that the evidence did not show it to be responsible for the delay and that, so far as the acts of its architects were concerned, he was superintending the work, under the agreement, and had acted in good faith. As to the first cause of action for the fire proof vault, the plaintiff did not dispute its liability for the delay and the jury was directed to allow the defendant its counterclaim in full. As to the other claims of the plaintiff, upon the second and third

causes of action, the trial judge instructed the jury, in substance, that the defendant was entitled to recover damages, as stipulated in the contracts, for the delay in completing the work; unless they were satisfied that a substantial part of said delay was caused by its own acts, or those of its architect. The jury returned a verdict in the plaintiff's favor and the judgment thereupon entered has been affirmed by the unanimous vote of the justices of the Appellate Division. Upon this appeal by the defendant, we must presume that the evidence was sufficient to sustain the finding of the jury that the defendant was responsible for a substantial part of the delay in the completion of the contracts.

The correctness of the judgment below is attacked upon the ground that the court erred in its instructions to the jury upon the law and the following rulings raise the question we are to consider. At the plaintiff's request, the trial judge charged as follows: "If any substantial part of the delay in the completion of said vault," (or of the fireproof safe, in the other cause of action), "was caused by the wrongful acts of the defendant or its architect, or by alterations or deviation from the plans and specifications, or by the failure to approve drawings within a reasonable time, or by arbitrary and capricious acts, the entire cause for liquidated damages was canceled and abrogated, and the defendant is not entitled to recover the same." The trial judge refused to charge, at the defendant's request, that it was "entitled to recoup the liquidated damages for each and every day that the contract time was exceeded by the time of the actual performance, which was not caused by any act, or fault, of the defendant, or the superintendent;" or, that "if the jury believed that there was any delay occasioned by the arbitrary, or unreasonable, act of the defendant, through the action of the superintendent, or otherwise, then the jury must consider what would have been a reasonable time to complete, after allowing to the plaintiff the time in which it was delayed." To these rulings, and to others raising the same questions of law, the defendant excepted.

The appellant, preliminarily, contends that it was errone-
ous to submit to the consideration of the jury the acts of the
architect, in passing upon the question of the responsibility
for the delay; inasmuch as his acts were not impeachable
except for fraud, or bad faith.   It is argued that he was act-
ing, throughout, under the provisions of the contract and in
such a capacity, as between the parties, that his acts could
not be questioned, unless so arbitrary and capricious as to
indicate fraud or bad faith.   Without discussing that point
at any length, I think it will suffice to say that, while the
contract did constitute the architect named therein the final
arbiter in disputes "regarding the construction of the specifi-
cations" and "as to whether materials used and work done
were according to their true intent and meaning," he was,
in other respects, the agent of the appellant.   It was pro-
vided that the work was to be done to his satisfaction and
under his direction, and in determining upon the plans and
drawings, or upon changes therein, or in the work, he was
the representative of the appellant.   It was not necessary, if
the jury believed that through any acts of his, or through
his omissions to act within a reasonable time, substantial
delays in the completion of the work were caused, that his
conduct should indicate fraud, or bad faith.   The question
was, whether the appellant, through its architect, or other-
wise, was responsible for materially delaying the respondent
in the completion of the work within the time specified.
The question of the architect's good, or bad, faith was not
material.

It having been conclusively determined that the defendant
was responsible for a substantial part of the delay in the com-
pletion of the work, the principal question arises upon the
instruction of the trial court that thereby the right to coun-
terclaim for the liquidated damages was abrogated.   So far
as I am aware, this court has not pronounced upon this
precise question and the courts below, in determining as they
have, have followed, (as I infer, in the absence of the expres-
sion of any opinion), the rule, as it has been asserted in

decisions of the courts in England and of the Appellate Division of the Supreme Court of this state. (See *Holme* v. *Guppy*, 3 M. & W. 387; *Dodd* v. *Churton*, L. R. [1 Q. B. 1897] 562; *Willis* v. *Webster*, 1 App. Div. 301.)

That this was a valid provision of the contracts liquidating the damages to result from the contractor's delay and not a penalty, I entertain no doubt and, though a disputed question upon the trial, the respondent is not very seriously questioning it on this appeal. Parties to contracts have the right to insert any stipulations that may be agreed to; provided that they be neither unconscionable, nor contrary to public policy. No rule of law forbids them from agreeing between themselves with respect to the anticipatory damages, which shall be occasioned by the failure to complete the contract within the time specified. When they have done so, their declaration, in the event anticipated, that the sum fixed is a liquidation of the damages, or a penalty, is not conclusive and its interpretation is for the court; having regard to the nature of the contract and the circumstances. It may be observed, generally, that whenever the damages flowing from the breach of a contract can be easily established, or the damages fixed are, plainly, disproportionate to the injury, the stipulated sum will be treated as a penalty. Where, however, the damages resulting from the breach would be uncertain, or difficult, if not incapable, of ascertainment, then the agreement of the parties liquidating them, in anticipation, will be enforced. In *Ward* v. *Hudson River Building Co.*, (125 N. Y. 230), this question was discussed upon the authorities and we considered it difficult to lay down any general rule, applicable to all cases. It was said that, where parties "have stipulated for a payment in liquidation of damages, which are in their nature uncertain and unascertainable with exactness, and may be dependent upon extrinsic considerations and circumstances, and the amount is not, on the face of the contract, out of all proportion to the probable loss, it will be treated as liquidated damages." (p. 235.) I think that these contracts come well within the class of cases, in which the presumable damage from the failure to complete

the work contracted for by the date fixed would be uncertain, if at all capable of exact ascertainment. Time was considered to be of the essence of the contract and it was so stated therein. It is inferable that, when making the contracts for the construction of these vaults and safes, the owner must have regarded it as most important that the investment of capital should be made productive at the earliest possible moment. It was in mind, presumably, that to agree to liquidated damages, covering each day's delay, would act as a spur upon the contractor and would save to the owner the delays and expense of an action at law to recover the actual damage he might be able to prove. But it is obvious, as I think, that the very reason for sustaining the validity of an agreement for liquidated damages, in such contracts as the present ones, as a reasonable and fair provision, also, suggests how essential it is that the owner shall be able to show strict compliance on his part and that the contractor's obligation has not been released, nor affected, by his interference, or dilatory action. In requiring this agreement to pay liquidated damages, it is to be presumed that the appellant intended, when called upon to act, to co-operate with all possible diligence with the contractor and that the latter's situation was such at the time and its arrangements were so ordered as to enable it to complete the work within the time fixed. While such an agreement has not the harshness of a penalty, it is, nevertheless, in its nature, such that its enforcement, where the party claiming the right to enforce has, in part, been the cause of delay, would be unjust. It is a reasonable view of the situation that denies, in such a case, the right to strict enforcement and, where both parties are at fault with respect to the delay, remits the injured party to the remedy of an action at law; in which he can recover his actual loss from the contractor's failure to complete within what was a reasonable time. It was competent for the parties, anticipating mutations of mind and of conditions, to have provided against a forfeiture of the right to liquidated damages by, further, agreeing that the architect was empowered to certify an extension of the time for com-

pletion, if the contractor was delayed in his work in certain
specified events, or by causes specified. With such a pro-
vision, the obligation to pay liquidated damages might be pre-
served and its commencement deferred to a substituted date.
Without such a provision, where, by the mutual fault of the
parties, the contractor's original obligation has been put an
end to, how could he come under a new obligation to pay the
liquidated damages from some subsequent date? Such an
obligation could not be renewed except by some express agree-
ment. Its nature forbids inferring its renewal. An appor-
tionment of the fault is impossible under such a contract.
( *Weeks* v. *Little,* 89 N. Y. 566 ; *Willis* v. *Webster, supra.*)
The rule that there can be no apportionment of the dam-
ages for delays caused by mutual default has, also, been
asserted in the Federal courts. (See *Caldwell & Drake* v.
*Schmulbach,* 175 Fed. Rep. 429.)

In *Willis* v. *Webster,* a well-considered case and one in
which the question arose upon a substantially similar state of
facts, it was forcibly said that where " liquidated damages are
to be sustained after a given day, the plaintiff, (contractor), is
entitled to know with precision when he is laboring under
such an obligation, and not be required to leave it to the judg-
ment of a jury as to what is a reasonable time. It is impos-
sible under the contract to apportion liquidated damages.
Either the liability for the liquidated damage exists, or it does
not. It cannot half exist and half be waived. In the case at
bar there was a definite contract, which was abrogated by the
acts of both parties; and it requires equally concerted action to
breathe life into it again." (p. 305.) In Halsbury's Laws of
England, (Vol. III, p. 243), the doctrine of the English cases
is summed up in the following language : " Where the liqui-
dated damages are stipulated for at so much per day or per
week, there must be a definite date from which they are to run.
If no such date is fixed by the contract, or if by the operation of
intervening circumstances the date fixed by the contract has
ceased to be operative, and there is no provision in the con-
tract under which another date can be substituted, all right to

recover the sum stipulated for as liquidated damages has been put an end to, because there is no date from which the penalties can run." In *Dodd* v. *Churton*, (L. R. [1 Q. B. 1897] 562), which Lord Halsbury cites in support of the rule, the contract provided that the work should be completed by a certain day and, in default of such completion, the contractor should be liable to pay liquidated damages. In construing the contract, Chitty, L. J., said "the law on the subject is well settled. The case of *Holme* v. *Guppy*, (3 M. & W. 387), and the subsequent cases in which that decision has been followed, are merely examples of the well-known principle stated in Comyns' Digest, Condition L. (6), that, where performance of a condition has been rendered impossible by the act of the grantee himself, the grantor is exonerated from performance of it. The law on the subject was very neatly put by Byles, J., in *Russell* v. *Bandeira*, (13 C. B. [N. S.] 149). This principle is applicable not to building contracts only, but to all contracts. If a man agrees to do something by a particular day or in default to pay a sum of money as *liquidated damages*, the other party to the contract must not do anything to prevent him from doing the thing contracted for within the specified time."

The appellant founds an argument upon the provision of the specifications that, if the defendant should require any alteration, or deviations, " the same could be made without annulling, or invalidating, the contract" and, in such event, that " an allowance shall be made for the same on one side or the other, as the case may be," by the architect, etc. I do not see that this affects the question differently. The provision operated to prevent the plaintiff from claiming that the contract was invalidated. It could not renew the obligation to pay liquidated damages, which had been put an end to by delays, for which the appellant was, in part, responsible. A provision of the contract in *Dodd* v. *Churton*, (*supra*), was relied upon by the defendant, to the effect that any authority given by the architect for any alteration, or addition, in or to the works ·was not to vitiate the contract. It was held " that

this provision, however interpreted," did not reach the length contended for; that it did not "amount to a contract to do all the works, including any extras that may be ordered, within the time specified for the performance of the original work." "The provision," it was said, "is that the contract is not to be vitiated, *i. e.*, that it is to stand; but that does not exclude the application of the principle stated in Comyns' Digest, to which I have referred."

The doctrine of the English cases, to which I have referred, and of the case of *Willis* v. *Webster*, (*supra*), decided by the Supreme Court of this state, is salutary and just and I think we should approve of it. Where the parties are mutually responsible for the delays, because of which the date fixed by the contract for completion is passed, the obligation for liquidated damages is annulled and, in the absence of some provision under which another date can be substituted, it cannot be revived. If the respondent failed to complete within a reasonable time after crediting the appellant's delays, then the latter had a cause of action for the former's neglect and the measure of damages would be the actual loss proved to have been sustained.

For these reasons, I advise the affirmance of the judgment.

HAIGHT, VANN, WERNER and CHASE, JJ., concur; CULLEN, Ch. J., not voting.

Judgment affirmed, with costs.