of the court for decision on or before the last day for filing nominations to fill vacancies; that is, at least 15 days before election.

In this case the determination was made on the 21st day of October, 1910. The last day under the provisions of sections 125 and 134 of the election law, as construed by the Court of Appeals in the Hennessy Case, supra, where the board of elections has not been itself at fault, would this year be October 24th. This proceeding was not commenced until October 26th, and was not submitted to the court until October 28th. The defendants and respondents directly raise the question of the court's power. They vigorously insist that it has not the power to review these proceedings if the legislative requirement is to be observed. I am constrained, therefore, by the election law, as interpreted by the highest court in the state, to hold that where the decision of the board is made in ample time to permit the institution and submission of the proceeding of review in the first instance within the statutory period the failure to act within that time is fatal to the application.

My conclusions are that section 70 of the election law is not applicable to the state of facts presented in this proceeding, and that the failure of the applicant to institute his proceeding for review under section 125 of the election law on or before a date at least 15 days before election renders the court powerless to act upon his application.

Motion denied.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, BURR, THOMAS, RICH, and CARR, JJ.

George V. S. Williams (James W. Redmond and John D. Mason, of counsel), for appellant.

Harry E. Lewis (Charles H. Kelby, of counsel), for respondents Gardner, Dittmar, and Ahern.

Archibald C. Watson, Corp. Counsel (Charles J. Druhan, of counsel), for respondents Board of Elections of City of New York.

PER CURIAM. Order affirmed, without costs, on the opinion of Mr. Justice Stapleton at Special Term.

---

NEW YORK STATE NAT. BANK, ALBANY, v. WHITEHALL WATER POWER CO.

(Supreme Court, Appellate Division, Third Department. November 16, 1910.)

1. TRIAL (§ 388*)—FINDINGS OF FACT—CONCLUSIONS OF LAW.
    Trial courts are required to make findings of fact and conclusions of law which must fairly sustain the judgment.
    [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 908, 911; Dec. Dig. § 388.*]

2. APPEAL AND ERROR (§ 987*)—FINDINGS.
    Where there are no findings by the trial court on questions of fact, the appellate court cannot in the first instance determine them.
    [Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 987.*]

Appeal from Special Term, Washington County.

Action by the New York State National Bank, Albany, against the Whitehall Water Power Company. Judgment for plaintiff, and defendant appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Edgar T. Brackett, for appellant.

Hun & Parker (Marcus T. Hun, of counsel), for respondent.

JOHN M. KELLOGG, J.  The plaintiff has recovered upon a building contract upon the theory that it was performed, or strict performance as to time was waived.  The defendant's principal contention is that the contract was not completed within the time agreed upon, and that it has established a counterclaim for liquidated damages of $50 per day for about 250 days.  By the terms of the contract, dated May 3, 1905, it was to be performed by the contractor by September 1, 1905.  It was not substantially performed until about July 1, 1906. The court has found that much of the delay was caused by the defendant, and has omitted to take accurate account of how much of the delay each party was responsible for, holding that the delay could not be apportioned, and that the contract was performed in a reasonable time.  I think it fair to assume from the record and the opinion that the trial justice felt that, each party being responsible for delays, the defendant could not therefore recover liquidated damages at all, and could not require an apportionment of the delays as was held in Willis v. Webster, 1 App. Div. 301, 37 N. Y. Supp. 354.

The rule established in that case does not govern this case, for the reason that in this case the parties themselves have provided that the delays shall be apportioned, and, in substance, that each one shall be chargeable with the delays which he causes.  Therefore, unless the defendant was responsible for the entire delays, then it is entitled to recover the agreed damages for such delays as occurred which it can trace to the plaintiff.  It is apparent that the delays occurring before July 7, 1905, cannot be charged against the contractor.  The wheel pit, at the very foundation of the work, it was understood at the signing of the contract would probably be deepened, and some change in the plan of the building and the work would be necessary on that account.  We may therefore fairly assume that, until the defendant gave instructions as to the new wheel pit, the time under the contract did not begin to run, although the contractor had made substantial progress in the work in many respects during that time, and had the benefit thereof.  If we add this delay caused by the defendant to the time permitted by the contract, it extends the period to about November 7th, well ahead of the freezing weather.  The court has very properly held that the contractor is entitled to no additional compensation on account of the alleged necessity of building a different or larger cofferdam to enable him to do the extra work caused by the deepening of the wheel pit.  But the wheel pit remains as the real disturbing factor in the case.  The contractor agreed to build the building with the wheel pit as indicated by the original contract by September 1st, and by separate contract agreed as extra work to excavate the wheel pit about 3½ feet deeper.  It was impossible for him to erect the building and carry out the contract until the wheel pit was excavated. As a matter of fact, neither party at the time apparently considered whether the deepening of the wheel pit would require greater time for the performance of the contract.  It was natural that an extension of

time for deepening the wheel pit should not be discussed, as ordinarily the charge would seem to be merely incidental, and not likely to affect substantially the time within which the contract would probably be performed. If at this place, at that time, the contractor could not complete his contract without constructing the cofferdam entirely different than for the original wheel pit, then the building of the new cofferdam would be a matter fairly within the contemplation of the parties. The original contract required the work in and about the wheel pit to be done in a cofferdam.

The plaintiff's evidence tends to show that a sufficient cofferdam was built prior to July 7th to enable him to excavate the wheel pit according to the original contract, and that the deepening of the wheel pit rendered it impossible to perform the extra work without building a different cofferdam upon a different plan and in a different place. If a contractor is to build a certain work at a certain time, and then agrees to perform extra work, the performance of which is necessary in order to enable him to perform the contract work, it is evident, if the extra work is to take any substantial time, that the time of the original contract is extended correspondingly. We cannot say that the court was in error in determining that the original cofferdam built prior to July 7th was sufficient for use in carrying out the original contract. The determination of the court upon the conflicting evidence that in order to do the extra work in the wheel pit it was necessary to make the enlarged cofferdam will not be disturbed.

It was seriously contended by the defendant, and its evidence tended to show, that, even with the delays caused by it, the contractor did not perform his contract and complete the job within the time limit fixed by the contract and such additional time as was actually caused by the delays of the defendant. Each party from an early stage in the transaction was blaming the other, and each was claiming that the other was responsible for delays, and it would seem not unreasonable to say that the delays which each party has caused are fairly ascertainable from the evidence.

I am not satisfied that the defendant was responsible, directly or indirectly, for all of the delays. From the evidence the court should have determined what delays were chargeable to each party. It did not do this. Trial courts are required to make findings of fact and conclusions of law which must fairly sustain the judgment. Assuming that the defendant's delays carried the contract time to November 7th, there is no sufficient finding of fact that by any act or neglect of the defendant the time of completing the contract was delayed from November 7th until July 1st.

In addition to the delay arising from the change of the wheel pit, the court finds three other delays caused by the defendant: (1) The Williams street excavation. This need not be considered because it occurred prior to July 7th, and it is embraced within the time already charged against the defendant. (2) That certain machinery stored in the old building delayed the contractor's work. But a finding made by the court upon the defendant's request is inconsistent with that finding, and therefore renders it ineffectual. (3) Failure to furnish plans

and defective plans as to certain parts of the work, especially as to the basement. Most of the delays and defects in details and plans took place prior to July 7th, and represent time fully charged against the defendant. In the form in which this finding is made it does not go far in sustaining the recovery.

We are necessarily brought back again to the wheel pit and cofferdam. Were the existing conditions such that the deepening of the wheel pit necessarily prevented the performance of the contract by November 7th? Plaintiff undertook to do the job in a proper manner within the extended time. Perhaps he contracted for too short a time in the original contract. Nevertheless he must pay the damages for every day of excess of time which was not caused by the defendant. If, however, the deepened wheel pit presented difficulties in making a cofferdam for it, not presented by the original contract, and thus necessarily required more time, we may fairly consider the extra time as added to the contract. I mean the necessary time with men, machinery, and tools competent to bring about reasonable results. Time spent by the contractor in experimenting or working carelessly or at haphazard or without effect cannot be properly charged against the defendant. Take the situation as it actually was, if competent men, under favorable circumstances for work of this extent and character, at this time and place, and with the reasonable facilities available there, were working to capacity on the cofferdam, how much more time would have been actually required in completing the cofferdam for the new wheel pit than would have been required for the old one? In other words, did the deepening of the wheel pit necessarily properly delay the work, and how much? That is the real question, and the one which must decide the vital points in this case. If the change of plan required extra time, did the necessary extra time extend the work into the winter weather so that the contractor could not carry on his work? If so, such useless time necessarily annexes itself as extra time. There are no findings upon these important questions, and this court cannot, in the first instance, determine them.

The other questions raised need not be considered. The contract provides for an apportionment of the delays, and it was for the court to determine which party caused the delays. The findings do not contain sufficient facts to show that the defendant was chargeable with all the delays, or that the contractor did not cause delays. If every moment of delay, directly or indirectly chargeable to the defendant, is added to the contract time, and only the delays charged against the contractor, which the evidence shows originated and were caused by his act, it is easy to determine the respective rights of the parties. The question of reasonable time does not deprive the contract term of its real force. Perhaps the contractor agreed to do the work in too short a time, and that it could not have been completed in time if there had been no delays. In such a case, the mere fact that the defendant may have caused some days' delay does not relieve the contractor from damages on account of delay which would necessarily have followed if there had been no act of the defendant contributing to it. The contract relieves the court of all trouble in this respect by providing that

the delay of each party shall be charged against him, which means every delay resulting and following from the delay of the party. Did the contractor complete the contract within the time allowed after crediting him with all time he lost by the acts or omissions of the defendant? The decision does not enable us to answer this question.

The judgment should be reversed upon the law and the facts, and a new trial granted, with costs to the appellant to abide the event. All concur.