(92 Misc. Rep. 164)

BROOKLYN STRUCTURAL STEEL CORPORATION v. LECHTMAN et al.

(Supreme Court, Appellate Term, First Department. October 25, 1915.)

1. DAMAGES ☞80—LIQUIDATED DAMAGES—BUILDING CONTRACTS—CONSTRUCTION.

A building contract, which provided for liquidated damages at the rate of $10 per day for each day's delay, cannot be construed as imposing a penalty, and so no evidence of damage for delay is necessary to collect the stipulated sum.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 170–175; Dec. Dig. ☞80.]

2. CONTRACTS ☞316—BUILDING CONTRACTS—CONSTRUCTION—WAIVER.

Where a building contract provided liquidated damages in case of delay, acceptance of the work after the date fixed is not a waiver of the right to counterclaim for such damages, though it is a waiver of any defense to an action for the agreed compensation.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1382–1387, 1395, 1398–1400, 1480–1491; Dec. Dig. ☞316.]

Appeal from City Court of New York, Trial Term.

Action by the Brooklyn Structural Steel Corporation against Abraham Lechtman and Abraham Chalkovsky, copartners trading under the firm name of Lechtman-Chalkovsky Iron Works. From a judgment for plaintiff, defendants appeal. Modified and affirmed.

Argued October term, 1915, before BIJUR, PAGE, and SHEARN, JJ.

Horwitz & Feinberg, of New York City (Philip F. Feinberg, of · New York City, of counsel), for appellants.

Miller & Hartcorn, of New York City (Isaac L. Miller, of New York City, of· counsel), for respondent.

BIJUR, J. This appeal involves purely a question of law. Plaintiff contracted to do some building work for defendants and to have it finished by a day certain. The contract also provided for liquidated damages at the rate of $10 a day for each day's delay.

[1] Defendants offered no proof of damage; nor do I think that it can be claimed that that was necessary, as the provision for liquidated damages in this case is so reasonable as to indicate beyond any doubt that it was not intended to be a provision for a penalty. See Mosler Safe Co. v. Maiden Lane Safe Deposit Co., 199 N. Y. 479, 93 N. E. 81, 37 L. R. A. (N. S.) 363; United States v. Bethlehem Steel Co., 205 U. S. 105, 119, 27 Sup. Ct. 450, 51 L. Ed. 731.

[2] The learned judge below was of opinion that, as defendants had permitted the plaintiff to finish the work after the date originally fixed for completion, this constituted a waiver of the right to recover the amount of damages liquidated by the terms of the contract, even by way of counterclaim. I cannot concur in this view, and think that the decision in Deeves & Son v. Manhattan L. Ins. Co., 195 N. Y. 324, 88 N. E. 395, plainly indicates the contrary to be the correct rule. The acceptance of the work at the delayed day may quite properly be regarded as a waiver or abandonment of any defense to the action for the compensation provided in the contract; but, as said by the Court of Appeals, defendant is merely thereby remitted to a counterclaim for his damages, and in the case at bar these damages are fixed by the very contract upon which plaintiff seeks to recover.

Judgment modified, by reducing the amount of the recovery to the sum of $440.34, with interest from December 28, 1914, and costs in the court below, and, as modified, affirmed, with costs of the appeal to the appellant; costs to be set off against the judgment. All concur.