STEPHEN H. MASON, Respondent, v. INCORPORATED VILLAGE OF MUNSEY PARK, Appellant.—Action to restrain defendant village and its officers from maintaining a barrier across a public street known as Eakins Road.   Order *pendente lite* directing removal of the barrier and restraining defendant and its officers from erecting and maintaining any barrier or obstruction upon Eakins Road at the location described, until final judgment, affirmed, with ten dollars costs and disbursements.   No opinion.   Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ., concur.

NEW YORK DOCK COMPANY, Plaintiff, v. THE CITY OF NEW YORK, Respondent, and MORRIS & CUMINGS DREDGING Co., INC., and Others, Appellants.— In an action brought to recover damages alleged to have been caused by the delay of the city of New York, in completing its contract with plaintiff to construct and deliver a certain pier, order granting the motion of the city to bring in the appellants as parties defendant, under section 193, subdivision 2, of the Civil Practice Act, reversed upon the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.   In our opinion, the contract between the city and the appellants for the work in question contained no clause or provision by which the appellants agreed to indemnify the city for any damages caused by delay in the appellants' completion of their contract.   The contract does provide for liquidated damages for such delay and the city has asserted its claim to such liquidated damages and has deducted the amount thereof from the amounts due to the appellants under the contract.   The city is, therefore, precluded from any recovery from the appellants of actual damages.   (*General Supply & Const. Co.* v. *Goelet*, 241 N. Y. 28.)   Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. WILNER FINANCE CORPORATION and Others, Defendants.   SAM ALPERT, as Receiver of WILNER FINANCE CORPORATION, Appellant; ABRAM SIEGEL, Respondent.— Order directing payments by a receiver affirmed, with ten dollars costs and disbursements.   No opinion.   Lazansky, P. J., Scudder, Tompkins, Davis and Johnston, JJ., concur.

JOHN B. SEARLE and Others, Individually and as Copartners Doing Business under the Firm Name and Style of SEARLE, JAMES & HATHAWAY, Appellants, v. FOLTIS-FISCHER CORPORATION, Respondent.—Action on a promissory note held by plaintiffs as copartners.   Venue laid in Nassau county, where two of the plaintiffs reside, and did reside at the time of the commencement of the action.   Order of the Special Term, changing the place of trial to New York county, reversed on the law and the facts, with ten dollars costs and disbursements, and defendant's motion denied, with ten dollars costs.   Two of the plaintiffs having been residents of Nassau county at the time of the commencement of the action, it was properly brought in that county.   Lazansky, P. J., Scudder, Tompkins, Davis and Johnston, JJ., concur.

MILLIE SERAFINI, as Administratrix, etc., of JOHN B. SERAFINI, Deceased, Respondent, v. LEON HARRIS, Appellant.— In an action to recover damages for the death of the plaintiff's intestate due to negligence and in the nature of malpractice, the verdict was for the plaintiff.   Judgment unanimously affirmed, with costs.   No opinion.   Present — Lazansky, P. J., Scudder, Tompkins, Davis and Johnston, JJ.