SAMUEL HOCHSTIM and EDWARD HOCHSTIM, Respondents, *v.* HENRY R. GROSSMAN and HENRY H. FRIEDER, Appellants.

SAMUEL HOCHSTIM and EDWARD HOCHSTIM, Respondents, *v.* HENRY R. GROSSMAN, HENRY H. FRIEDER and HENWILHEN Co., INC., Appellants.

Third Department, January 17, 1940.

*Solomon Goodman,* for the appellants.

*Harry G. Coplon,* for the respondents.

BLISS, J.   Respondents leased to the appellants the Star Theatre in the city of Hudson by a written lease which called for rental of $3,000 per year, five per cent of the gross receipts of the theatre

and an annual payment of $5,000 and in consideration of the latter the respondents agreed to refrain from re-engaging in the theatre business.

The lease also provided that the lessees upon its execution would deposit in a Hudson bank $5,000 in the joint names of all the parties as a guaranty of the payment of the annual sum of $5,000 to come due on May 1, 1941, and that in case of breach of any of the provisions of the lease this sum of $5,000 should be " in full payment for and in lieu of all liquidated damages for such breach " and that immediately upon a breach the lessees would release and permit the lessors to draw this deposit from the bank.

The appellants concede that they failed to make two payments of $2,500 each which came due on March 1, 1938, and September 1, 1938, respectively, under the $5,000 per year clause, and also failed to pay the five per cent of the gross receipts which came due on September 1, 1938, and amounted to $1,723.50. The respondents have had judgment for these sums.

Appellants claim that the joint deposit of $5,000 was intended as liquidated damages and that the lessors' only recourse now is to that fund. They also say that a demand for the release of this deposit made by respondents before bringing these actions amounted to a rescission of the contract. They concede, however, that they refused to release the money. We do not believe that the parties intended that this deposit of $5,000 should be liquidated damages for non-performance of a contract calling for payments of definite sums of money totalling many times that amount. Nor would it be reasonable to hold that it was intended as damages for failure to make the individual payments, most of which were less than this amount. In each instance the result would be wholly out of proportion to the actual damages. These are easily ascertainable for the breaches by defendants would consist of failures to pay specified sums. The deposit was made to secure performance by the lessees only. There was no similar deposit by the plaintiffs, nor does the lease attempt to fix the damages in case of a breach by them. The provision as to liquidated damages is not mutually enforcible. The appellants failed to release the deposit and the lessors have not benefited by it thus far. At best, such joint control as plaintiffs have over the $5,000 is some measure of assurance of the performance of the lease by the lessees. But it is not liquidated damages. (*Mosler Safe Co.* v. *Maiden Lane S. D. Co.*, 199 N. Y. 485: *Caesar* v. *Rubinson*, 174 id. 492.) And the lessees' refusal to release the amount was a further breach of the contract by which they should not be allowed to profit.

The defendants testified that they had assigned the lease to the defendant-appellant Henwilhen Co., Inc., and claimed that they were thereby released from any further obligation under it. The original lessees remain liable for the rent even if the assignee enters into possession and both lessees and assignee are liable unless they can show that the lessors have consented to the assignment and accepted the assignee in their place. (*Gillette Bros.* v. *Aristocrat Restaurant,* 239 N. Y. 87; *City of New York* v. *Flatto,* 271 id. 244; *Halbe* v. *Adams,* 172 App. Div. 186.) The jury found against both the lessees and the assignee and the proof fully sustains the verdict in this respect.

The trial court submitted to the jury the interpretation of the contract and permitted the parties to testify as to what they intended the written contract to mean. These were errors which ordinarily would require a new trial. (Restatement, Contracts, § 230; *Finucane Co.* v. *Bd. of Education,* 190 N. Y. 76; *Osgood Co.* v. *Wilkinson,* 265 id. 70; *Elco Shoe Manufacturers, Inc.,* v. *Sisk,* 260 id. 100; *Dwight* v. *Germania Life Ins. Co.,* 103 id. 341.) Here the jury by its verdicts reached the same result that the court would have reached had it properly interpreted the contract as a question of law and the verdicts were wholly in accord with the justice of the case. Consequently no new trial is necessary and the verdicts should not be disturbed. (*Clinton National Bank* v. *National Park Bank,* 37 App. Div. 601; affd., 165 N. Y. 629; *Whitney* v. *McLean,* 4 App. Div. 449.)

The judgments should be affirmed, with costs.

CRAPSER, HEFFERNAN and SCHENCK, JJ., concur.

HILL, P. J., concurs in the opinion and with the following memorandum: Defendants continue to hold the premises under a written lease. Judgments are for installments of rent due thereunder.

Judgments affirmed, with costs.