■ J. R. STEVENSON CORP. et al., Respondents, v COUNTY OF WESTCHESTER, Appellant. (And Third-, Fourth-, Fifth- and Sixth-Party Actions.) (Action No. 1.) MARTIN MECHANICAL CORPORATION, Respondent-Appellant, v COUNTY OF WESTCHESTER, Appellant-Respondent. (And Third- and Fourth-Party Actions.) (Action No. 2.) LUNA INDUSTRIES, INC., LUNA ELECTRIC COMPANY DIVISION, Respondent, v COUNTY OF WESTCHESTER, Appellant. (And Third- and Fourth-Party Actions.) (Action No. 3.) J. R. STEVENSON CORP., Plaintiff, v WELTON BECKET ASSOCIATES et al., Defendants. (Action No. 4.)—In consolidated actions, *inter alia,* to recover damages for breach of certain construction contracts, the County of Westchester (hereinafter the County) appeals from (1) an order of the Supreme Court, Nassau County (Murphy, J.), dated April 3, 1984, which granted the motion of J. R. Stevenson Corp. (hereinafter Stevenson) and its sureties for partial summary judgment dismissing its third counterclaim and cross claim in action No. 1, (2) an order of the same court, also dated April 3, 1984 which granted the motion of Stevenson and its sureties for partial summary judgment dismissing the County's third-party complaints against Stevenson for contribution or indemnity in action Nos. 2 and 3, instituted by Luna Industries, Inc. (hereinafter Luna) and Martin Mechanical Corp. (hereinafter Martin), respectively, (3) stated portions of an order of the same court dated April 12, 1984 which, *inter alia,* denied its motion for leave to amend its answer to Martin's complaint in action No. 2 and granted, to a certain extent, Martin's cross motion for partial summary judgment on certain of its claims, in that action, and (4) stated portions of an order of the same court dated June 11, 1984 which, *inter alia,* granted Luna's cross motion to limit the County's second counterclaim in action No. 3 for liquidated damages, insofar as asserted against it, to the sum of $8,700 (29 days × $300 per day). Martin cross-appeals from stated portions of the order dated April 12, 1984 which, *inter alia,* granted the County's motion for partial summary judgment dismissing certain of Martin's claims in action No. 2.

Orders dated April 3, 1984 affirmed, without costs or disbursements.

Order dated April 12, 1984 modified, on the law, by (1)

deleting the provision granting Martin's cross motion for partial summary judgment on its first cause of action asserted in action No. 2 in the sum of $69,543 and substituting therefor a provision denying partial summary judgment on that cause of action, and (2) deleting the provision denying the County's motion which sought leave to amend its answer in action No. 2 and substituting therefor a provision granting the motion to the extent of permitting it to serve an amended answer increasing the amount of damages demanded on its counterclaim against Martin and its surety, the American Insurance Company, for incomplete work, to $90,788.30 and adding counterclaims to recover duplicate payments and rate overcharges. As so modified, order dated April 12, 1984 affirmed, insofar as appealed from, without costs or disbursements. The County's time to serve its amended answer is extended until 20 days after service upon it of a copy of the order to be made hereon, with notice of entry. Martin and the American Insurance Company, if they be so advised, are granted leave to (1) serve demands for a supplemental bill of particulars of the counterclaims asserted in the County's amended answer, and (2) serve notices of deposition upon the County, which shall, in that event, appear by its employee Frederick H. Dean.

Order dated June 11, 1984 affirmed, insofar as appealed from, without costs or disbursements, and without prejudice to a motion by the County, if it be so advised, to amend the ad damnum clause of its first counterclaim asserted in action No. 3 to set forth an increased amount demanded as damages for incomplete or defective work.

Three of the prime contractors involved in the construction of the Westchester County Courthouse Complex, J. R. Stevenson Corp., the general contractor; Martin Mechanical Corp., the heating, ventilation and air-conditioning contractor; and Luna Industries, Inc., the electrical contractor, brought separate actions against the County seeking damages for delay, extras and their contract retainage. The County asserted counterclaims for its delay damage, both liquidated and actual, and the costs of defective and incomplete work. In each action the County also asserted third-party claims against the other two contractors seeking indemnity or contribution on the theory that any liability on its part to the respective plaintiffs was attributable to them.

The contract form used with each contractor included a "no-damage-for-delay clause", prohibiting the contractors from recovering delay damages from the County for its acts, a hold-harmless clause, and a liquidated damages clause fixing a

daily rate of $300 for the County's delay damages recoverable from the contractors.

The contractors sought dismissal of both the County's third-party reimbursement claims and its actual delay damages counterclaims on the ground that they were barred by the liquidated damages clause of the contract. The County sought dismissal of the bulk of the contractors' actual delay damages claims on the ground that they were barred by the no-damage-for-delay clause.

Special Term dismissed the County's third-party claims and its actual delay damage clause. Leave to amend the County's answer to include additional counterclaims against Martin was, in large part, denied. Summary judgment was granted to Martin on the bulk of its retainage and extra claims, and the County's liquidated damages were limited. Certain of Martin's claims were dismissed.

The County argues here, as it did before Special Term, that the liquidated damages clause does not serve to indemnify the County and is thus not enforceable. We disagree.

It has been noted that: "Parties to a contract may provide for anticipatory damages in the event of failure to complete performance within the time specified, as long as such agreement is neither unconscionable nor contrary to public policy. *(Mosler Safe Co. v Maiden Lane Safe Deposit Co.,* 199 NY 479, 485.) Absent statutory authority, the imposition of penalties for forfeitures contravenes public policy. *(City of Rye v Public Serv. Mut. Ins. Co.,* 34 NY2d 470, 472-473.) If the amount stipulated in the liquidated damage clause is manifestly disproportionate to the actual damage, then its purpose is not to 'provide fair compensation but to secure performance by the compulsion of the very disproportion.' *(Truck Rent-A-Center v Puritan Farms 2nd,* 41 NY2d 420, 424.) Thus, the rule has evolved that when the damages flowing from the breach of a contract are easily ascertainable, or the damages fixed are plainly disproportionate to the injury, the stipulated sum will be treated as a penalty *(Mosler Safe Co. v Maiden Lane Safe Deposit Co., supra,* p 485), but, where they are uncertain, or difficult, if not incapable, of ascertainment, then a provision liquidating them in advance of loss will be enforced, if the amount liquidated bears a reasonable proportion to the probable loss. *(City of Rye v Public Serv. Mut. Ins. Co., supra,* p 473; *Wirth & Hamid Fair Booking v Wirth,* 265 NY 214, 223.) Whether the sum stipulated represents a liquidation of the anticipated damages or a penalty is a question of law, with

due consideration for the nature of the contract and the attendant circumstances. *(Mosler Safe Co. v Maiden Lane Safe Deposit Co., supra,* p 485.) Moreover, the agreement should be interpreted as of the date of its execution, not the date of its breach. (See *Seidlitz v Auerbach,* 230 NY 167, 172.)" *(X.L.O. Concrete Corp. v Brady & Co.,* 104 AD2d 181, 183-184, *lv granted* 110 AD2d 1094.)

Thus, a liquidated damages clause which is reasonable precludes any recovery of actual damages *(General Supply & Constr. Co. v Goelet,* 241 NY 28). This is so even though the stipulated sum may be less than the actual damages sustained by the injured party *(General Supply & Constr. Co. v Goelet, supra,* at pp 37-38; *X.L.O. Concrete Corp. v Brady & Co., supra).*

In the case at bar, we must reject the County's contentions that the liquidated figure of $300 per day is inequitable or that it bears no rational relationship to the actual damages anticipated at the time the contracts in question were executed. After all, the County drafted the terms of the agreement and imposed it upon all the contractors, and the County was certainly in the best position to estimate the amount which would recompense it for the harm caused by a delay *(see, X.L.O. Concrete Corp. v Brady & Co., supra).* Neither can the County argue that the provision constituted a penalty designed to induce its performance rather than a means of providing just compensation for loss *(see, Truck Rent-A-Center v Puritan Farms 2nd,* 41 NY2d 420). Furthermore, at the time the contracts in question were executed in 1970, Westchester County had a functioning county courthouse building. Thus, there was no way for the contractors to know if the County would suffer any damages if forced to utilize the old building for longer than anticipated.

The County further argues that if the liquidated damages clause is enforceable, recovery of actual damages is appropriate if it should be found that both the owner and contractors contributed to the delay. As a general rule, where the delays are caused by the mutual fault of the parties, a liquidated damage clause is abrogated and each party must resort to an action to recover its actual damages *(Mosler Safe Co. v Maiden Lane Safe Deposit Co.,* 199 NY 479; *Babylon Assoc. v County of Suffolk,* 101 AD2d 207). However, since, article 4 (c) (9) (a) of the contract contains a provision giving the engineer the authority to grant extensions of time if the contract is delayed by an act of the owner, the obligation to pay liquidated damages is preserved and the amount of delay chargeable to

the contractor is calculated by deducting from the total period of delay those days of delay, or portions thereof, which are attributable to the owner *(see, X.L.O. Concrete Corp. v Brady & Co., supra)*. It would be patently illogical to award the County delay damages of only $300 per day if the delays were entirely the contractors' fault, and yet award a much higher amount if the County were at fault as well. Thus, we conclude that the liquidated damages clause in question is enforceable.

We also agree with Special Term's determination that under the circumstances of this case, the liquidated damages clause in the contracts in question bars the third-party claims of the County to recover contribution or indemnity upon the theory that any liability it might have to one contractor was caused by the wrongs of others *(see, General Supply & Constr. Co. v Goelet,* 241 NY 28, *supra; New York Dock Co. v City of New York,* 246 App Div 620, *rearg and lv denied* 246 App Div 751).

The County further contends that Special Term erred in denying its motion for summary judgment dismissing the contractors' delay claims. The County asserts that these claims are barred by the no-damages-for-delay clauses in the three contracts.

Such a clause will not bar an action based on delays or obstructions which were not within the contemplation of the parties when the contract was executed *(Cauldwell-Wingate Co. v State of New York,* 276 NY 365). Even where the delays were within the contemplation of the parties, the exemption would not apply to exempt "willful or grossly negligent acts" *(Kalisch-Jarcho, Inc. v City of New York,* 58 NY2d 377, 384-385). In the case at bar, the evidence indicating that there had been close to 1,000 revisions and clarifications to the contract plans coupled with the related evidence regarding alleged misrepresentations regarding groundwater conditions, drainage systems and underground electrical lines, raises triable issues of fact which cannot be resolved merely by reference to the motion papers submitted *(see, Dal Constr. Corp. v City of New York,* 108 AD2d 892).

We further note that Special Term properly limited any recovery by the County on its second counterclaim for liquidated damages as against Martin and Luna to the 29-day period attributed to those parties in the County's answer to Luna's interrogatory number 10.

In action No. 3, brought against the County by Luna, we find that Special Term properly dismissed the County's third

counterclaim. By its terms, that counterclaim sought only actual damages for delay in completion of the work. To the extent that the County now claims that a portion of the amount demanded as damages under its third counterclaim in action No. 3 represents not damages for delay, but rather for incomplete or defective work, it may seek to amend the ad damnum clause of its first counterclaim in that action, in which it sought recovery for such losses, albeit in a much lesser sum.

In action No. 2, brought against the County by Martin, the County did move, *inter alia,* to amend the ad damnum clause of its first counterclaim which sought to recover damages for incomplete or defective work. That portion of the County's motion which sought leave to amend its answer in that regard should have been granted to the extent indicated above. Given that amendment, the granting of partial summary judgment on Martin's first cause of action against the County for recovery of the contract balance would be improvident, as Martin's counterclaims on closely related matters seek sums in excess of this figure *(see, Illinois McGraw Elec. Co. v John J. Walters, Inc.,* 7 NY2d 874; *Created Gemstones v Union Carbide Corp.,* 47 NY2d 250). Lazer, J. P., Mangano, Brown and O'Connor, JJ., concur.