■ SPECIAL SITUATIONS FUND III, L.P., et al., Respondents, v ATTUNITY, LTD., Appellant. [770 NYS2d 619]—

Judgment, Supreme Court, New York County (Ira Gammerman J.), entered April 17, 2003, which, upon a jury verdict, awarded plaintiffs $603,333.33 in liquidated damages for defendant's failure to file a registration statement with the Securities and Exchange Commission and have it declared effective within the deadlines set by the parties' contract, unanimously affirmed, with costs.

*Mosler Safe Co. v Maiden Lane Safe Deposit Co.* (199 NY 479 [1910]) established the general rule that where delays are caused by the mutual fault of the parties to a contract, a liquidated damages clause is abrogated and a claimant must resort to recovery for actual damages. It would be inequitable and illogical to allow a claimant to reap the benefit of the liquidated damages clause for its own wrongdoing (*cf. X.L.O. Concrete Corp. v John T. Brady & Co.*, 66 NY2d 970 [1985], *affg* 104 AD2d 181 [1984]). Applying this rationale to the circumstances herein, the trial court correctly instructed the jury that the liquidated damages clause would be abrogated only if plaintiffs' conduct with respect to certain specific acts allegedly contributing to the delays was wrongful or arbitrary and capricious. In any event, the record does not support a finding that plaintiffs' actions materially contributed to the delays (*see P.T. & L. Constr. Co. v State of New York,* 179 AD2d 850 [1992]).

We have considered defendant's other arguments and find them unpersuasive. Concur—Buckley, P.J., Mazzarelli, Saxe, Sullivan and Rosenberger, JJ.