Atlantis Mgt. Group II LLC v Nabe (2023 NY Slip Op 02737)

Atlantis Mgt. Group II LLC v Nabe

2023 NY Slip Op 02737

Decided on May 18, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 18, 2023

Before: Manzanet-Daniels, J.P., Kapnick, González, Shulman, Higgitt, JJ. 

Index No. 651598/17 Appeal No. 288 Case No. 2022-01102 

[*1]Atlantis Management Group II LLC, Plaintiff-Appellant,
v
Rajan Nabe et al., Defendants-Respondents.

Wenig Saltiel LLP, Brooklyn (Meryl L. Wenig of counsel), Spiegel Legal LLC, Florida (Steven J. Spiegel of counsel), for appellant.
Leech Tishman Robinson Brog PLLC, New York (John D. D'Ercole of counsel), for respondents.

Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered on or about February 3, 2022, which, to the extent appealed from as limited by the briefs, dismissed the cause of action for specific performance and declared that § 6.3 of the parties' operating agreements constituted an unenforceable penalty, unanimously affirmed, with costs.
Supreme Court correctly concluded that § 6.3 of the parties' operating agreements (OAs) — the provision allowing plaintiff to buy back the interests of defendants Rajan and Rahul Nabe for $1.00 if the Nabes breached the operating agreements — was an unenforceable penalty. Section 6.3 was not a reasonable measure of the anticipated harm arising from a breach but was instead punitive in nature, serving to propel performance by the Nabes rather than to merely compensate for a loss. Furthermore, for a clause such as § 6.3 to be enforceable as liquidated damages, the liquidated amount must not only bear a reasonable proportion to the probable loss, but the amount of the actual loss must be difficult or impossible to precisely estimate (see Trustees of Columbia Univ. in the City of N.Y. v D'Agostino Supermarkets, Inc., 36 NY3d 69, 75 [2020]). Here, however, the amount of actual damages was ascertainable, as evinced by the affidavit of plaintiff's certified public accountant. Indeed, in the cause of action for breach of contract, plaintiff seeks actual monetary damages.
In addition, the buyback clause in § 6.3 violated public policy, as it grossly overcompensated plaintiff for any loss it may have sustained from a breach of contract (see New England Mut. Life Ins. Co. v Caruso, 73 NY2d 74, 81 [1989]). The operating agreements were negotiated at arm's length by sophisticated businesspeople, and the Nabes received consideration for the buyback clause (see 159 MP Corp. v Redbridge Bedford, LLC, 33 NY3d 353, 359 [2019]). Nevertheless, the principle that parties have freedom of contract may be overridden by a significant countervailing public policy, including a situation where, as here, a liquidated damages provision is grossly disproportionate to the actual damages (see 172 Van Duzer Realty Corp. v Globe Alumni Student Assistance Assn., Inc., 24 NY3d 528, 536 [2014]).
We reject plaintiff's assertion that the court misread § 6.3 in finding that any breach of the OAs triggered the buyback provisions. The court did not misread the clause at all; the clause makes clear that the triggering events for the buyback did, in fact, include any act in contravention of the OAs, without limitation. Thus, § 6.3, which imposes a draconian remedy for a trivial breach of contract, is a penalty rather than a liquidated damages clause, and we decline to enforce it (see Fifty States Mgt. Corp. v Pioneer Auto Parks, 46 NY2d 573, 576-577 [1979]; Hotel Cameron, Inc. v Purcell, 35 AD3d 153, 155 [1st Dept 2006]).
Plaintiff cannot be heard to argue that the court's determination was premature because discovery might reveal substantial [*2]damages that were, in fact, proportional to the buyback provision, as plaintiff itself chose to move for summary judgment before discovery was complete. In any event, whether a sum stipulated in an agreement represents liquidated damages or a penalty is a question of law (see Mosler Safe Co. v Maiden Lane Safe Deposit Co., 199 NY 479, 485 [1910]).
We have considered plaintiff's remaining contentions and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 18, 2023