■ KOKO CONTRACTING, INC., Respondent-Appellant, v STATE OF NEW YORK, Appellant-Respondent. [626 NYS2d 886] —Yesawich Jr., J. Cross appeals from a judgment of the Court of Claims (Benza, J.), entered January 21, 1994, which partially granted claimant's motion for summary judgment.

In January 1990, claimant entered into a contract to perform roofing work on several buildings owned by the State. The contract provided that if the work was not "physically completed" within 204 days—later extended to 209 days—the payment due claimant would be reduced by $100 for every day of delay. The contract also stated that claimant was directed not to perform "the roofing and related [w]ork" between December 1, 1990 and April 1, 1991 unless otherwise approved in writing.

Work on the project began in April 1990 and was substantially finished by early June 1990. After an initial inspection, claimant was presented with a "punch list" containing 13 items, most of which were corrected in due course. Another inspection, which took place in August 1990, generated a final list of five asserted deficiencies. Believing that it was not responsible for completing the most time-consuming of these "punch list" items, claimant followed the contractually specified procedure for dispute resolution, and in late December 1990, after a hearing, the designated arbitrator found that a large portion of the disputed work was not within the scope of the contract. The remainder of the five "punch list" items were completed by April 30, 1991 and the work was approved upon inspection.

When claimant sought payment of the final portion of the total contract price, the State indicated its intention to withhold $9,700 as liquidated damages for a 97-day delay in completion. This action by claimant to recover the full amount remaining due under the contract, without offset, followed. Although no damages were assessed for the time period prior to issuance of the arbitrator's decision on December 28, 1990, the State maintains that the work could reasonably have been completed within 26 days thereafter. Consequently, it claims that it is entitled to withhold $100 per day for the 97 days between January 23, 1991 and April 30, 1991,

when the work was actually finished. Claimant's view is that inasmuch as it was contractually prohibited from performing the work prior to April 1, 1991, no damages should be assessed for that period, and that with this period excluded the contract was completed within the 209 days allowed.

The Court of Claims granted claimant's motion for partial summary judgment to the extent of awarding claimant judgment in the amount of $13,405.22, but found triable fact questions regarding the remainder of the amount sought by claimant and the time from which interest should be computed. The State appeals from the judgment, and claimant cross-appeals from so much of the underlying order as deferred decision on the matter of prejudgment interest.

Because we agree with claimant's assertion with respect to exclusion of the restricted work period between December 1, 1990 and April 1, 1991, it is unnecessary to address the parties' arguments concerning the enforceability of the liquidated damages clause at issue, or the difference—if any—between "substantial completion" and "physical completion" of the project. The contract unambiguously declares that claimant was not to perform work during the winter months specified, unless otherwise approved in writing; it also expressly recites that this time period would "not be included in the number of days specified for completion of the [w]ork". Given the foregoing, the State's arguments that claimant was obliged to proceed prior to April 1, 1991, having been orally directed to do so, are to no avail. Nor are we persuaded that the final work was not subject to this prohibition because it was to be performed inside the buildings; had the State intended to exclude work performed inside, it could have done so explicitly. Repairing damage caused on the underside of the roof by the roofing installation, providing a warranty for the roofing material, inspecting flashing and reinstalling ventilators are all tasks clearly related to the roofing work itself, and thus within the scope of the restriction.

The State does not seek to collect damages for the period during which the dispute resolution process was being pursued, from September 24, 1990 until December 28, 1990 when the decision was rendered. This portion of the delay, occasioned primarily by the State's error in demanding that claimant perform work that was not covered by the contract, would, in any event, have been properly excluded from the calculation of liquidated damages (see, Stevenson Corp. v County of Westchester, 113 AD2d 918, 921-922; X.L.O. Concrete Corp. v Brady & Co., 104 AD2d 181, 185, affd 66 NY2d 970; cf.,

*Mid-State Precast Sys. v Corbetta Constr. Co.,* 202 AD2d 702, 704, *lv dismissed* 84 NY2d 923), if it did not render such damages wholly unavailable *(see, Mosler Safe Co. v Maiden Lane Safe Deposit Co.,* 199 NY 479, 486-487). Hence, of the 394 days between commencement of the work on April 1, 1990 and its completion on April 30, 1991, 188 days are excluded from the time charged to claimant (121 days in the restricted work period between December 1, 1990 and April 1, 1991, plus 67 days between September 24, 1990 and December 1, 1990), leaving only 206 days actually utilized.

Lastly, claimant's arguments to the contrary notwithstanding, it was not error for the Court of Claims to withhold decision as to the amount of prejudgment interest due. As the court noted, the record—which does not contain the entire contract between the parties, but merely excerpts thereof—does not demonstrate exactly when claimant became fully entitled to payment of the sums due; thus, the date from which interest should be computed *(see,* CPLR 5001 [b]) cannot be ascertained at this juncture.

Mikoll, J. P., Crew III, Casey and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.