■ RADEC CORPORATION, Respondent, v KMART CORPORATION et al., Defendants, and DOMINICK P. MASSA & SONS, INC., Appellant. [674 NYS2d 183] —Judgment unanimously reversed on the law without costs and motion denied. Memorandum: In litigation arising from the construction of a KMart store in Batavia, plaintiff, The Radec Corporation (Radec), who was then a defendant, asserted a cross claim against the general contractor, defendant Dominick P. Massa & Sons, Inc. (Massa), for the unpaid balance due under its subcontract. Supreme Court erred in granting Radec's motion for summary judgment seeking, *inter alia*, prejudgment interest (*see,* CPLR 5001) calculated from January 1, 1995 on partial payments made by Massa in April and May 1995 and January 1996. Prejudgment interest is computed from the date on which a subcontractor's work is completed (*see, Brent v Keesler*, 32 AD2d 804, 805; *Elliott v Gian*, 19 AD2d 196, 198-199). On this record, it cannot be determined as a matter of law when Radec completed its performance under the subcontract (*see, Koko Contr. v State of New York*, 215 AD2d 898, 900; *Mid-State Precast Sys. v Corbetta Constr. Co.*, 202 AD2d 702, 707, *lv dismissed* 84 NY2d 923, 86 NY2d 855).

We reject Massa's contention that, pursuant to the "pay-when-paid" clause of the subcontract, the payments were not late. Because the "pay-when-paid" clause transfers the risk of the owner's default from Massa, the general contractor, to Radec, a subcontractor, that clause "violates New York public policy as set forth in the Lien Law" (*West-Fair Elec. Contrs. v Aetna Cas. & Sur. Co.*, 87 NY2d 148, 153). The court properly applied *West-Fair* to this case, which was pending when *West-Fair* was decided (*see, Gager v White*, 53 NY2d 475, 483). In any event, "[a] judicial decision construing the words of a statute * * * does not constitute the creation of a new legal principle" entitled to prospective application only (*Gurnee v Aetna Life & Cas. Co.*, 55 NY2d 184, 192, *rearg denied* 56 NY2d

567, *cert denied* 459 US 837; *see, People v Favor*, 82 NY2d 254, 262-263, *rearg denied* 83 NY2d 801; *Matter of Americorp Sec. v Sager*, 239 AD2d 115, *lv denied* 90 NY2d 808). (Appeal from Judgment of Supreme Court, Genesee County, Mahoney, J.— Summary Judgment.) Present—Denman, P. J., Lawton, Wisner, Balio and Boehm, JJ.