J & K Plumbing & Heating Company, Respondent, v William H. Lane, Inc., Appellant, and Nelson Electrical Corporation, Respondent, et al., Defendants. [786 NYS2d 253]—

Carpinello, J. Appeals (1) from an order of the Supreme Court (Monserrate, J.), entered August 25, 2003 in Otsego County, which, inter alia, denied a cross motion by defendant William H. Lane, Inc. for summary judgment dismissing the complaint against it, (2) from a judgment of said court, entered October 3, 2003, which, inter alia, granted a cross motion by defendant Nelson Electrical Corporation for summary judgment dismissing the complaint against it, (3) from a judgment of said court, entered October 8, 2003, which granted plaintiff's motion for summary judgment, and (4) from an order of said court, entered November 25, 2003, which denied a motion by defendant William H. Lane, Inc. for reargument and renewal.

These consolidated actions stem from a construction project on the campus of defendant Hartwick College. As relevant to this appeal, Supreme Court granted summary judgment to two subcontractors on the project, plaintiff and defendant Nelson Electrical Corporation, against the general contractor, defendant William H. Lane, Inc., for moneys due under their respective subcontracts. Lane appeals. Finding no merit to any of its contentions on appeal, we affirm.

Supreme Court correctly concluded that the subcontracts at issue violate public policy under *West-Fair Elec. Contrs. v Aetna Cas. & Sur. Co.* (87 NY2d 148 [1995]). The offending provisions provide that if Hartwick fails to pay Lane, then the subcontractors' sole recourse for nonpayment on their contracts is a claim against Hartwick directly without any recourse against Lane itself. Such provisions violate public policy under *West-Fair* in that they impermissibly transfer the risk of Hartwick's failure to pay from Lane to the subcontractors (*see Blandford Land Clearing Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa.*, 260 AD2d 86, 89-91 [1999]; *Radec Corp. v KMart Corp.*, 251 AD2d 1003 [1998]; *see also Bonavist v Inner City Carpentry*, 244 F Supp 2d 154 [2003]). Contrary to Lane's contention, we do not construe the subject provisions as merely fixing a time for payment such that the provisions do not violate public policy (*compare Otis E. Serv., Inc. v Raytheon Engrs. & Constructors, Inc.*, 15 F Supp 2d 318 [1998]; *Schuler-Haas Elec. Co. v Aetna Cas. & Sur. Co.*, 40 NY2d 883 [1976]).

Lane's remaining contentions have been reviewed and found to be unpersuasive.

Mercure, J.P., Spain, Lahtinen and Kane, JJ., concur. Ordered that the orders and judgments are affirmed, with one bill of costs.