■ MARS ASSOCIATES, INC., et al., Appellants, v FACILITIES DEVELOPMENT CORPORATION, Respondent. (And a Third-Party Action.)—Weiss, J.

After completion of its contract to perform general construction work on the New York Psychiatric Institute project in New York City, plaintiffs commenced this action to recover $3.1 million in damages for breach of contract by defendant, a public benefit corporation, and for interference with its perfor-

---

mance. Defendant's answer contained a fifth counterclaim seeking actual damages of $1.1 million for breach of contract by plaintiffs. Asserting that defendant was limited by the contract to recovery of liquidated damages for any delay attributable to them, plaintiffs moved for partial summary judgment dismissing the fifth counterclaim. Defendant cross-moved for leave to amend the answer to include a counterclaim for liquidated damages and an additional indemnity claim. Special Term, finding factual issues existed as to the contentions of mutual delay, denied plaintiffs' motion and granted defendant's cross motion, giving rise to this appeal.

Plaintiffs urge that *X.L.O. Concrete Corp. v Brady & Co.* (104 AD2d 181, *affd* 66 NY2d 970) is controlling and that Special Term erred in failing to grant dismissal of defendant's fifth counterclaim. We agree. In *X.L.O. Concrete Corp.*, as here, the contract included a liquidated damage clause for delay caused by the contractor. The owner attempted to assert a claim for actual damages theorizing that since delay was attributable to both the owner and the contractor, the parties were relegated to an action at law for actual loss. In affirming the Appellate Division, First Department, the Court of Appeals held that "a liquidated damage provision in a construction contract is not vitiated by the owner's own culpability in causing some of the delay" *(X.L.O. Concrete Corp. v Brady & Co.,* 66 NY2d 970, 973), so that damages for delay resulting from mutual fault of both the owner and contractor will be limited to the liquidated damages provision specified in the contract.

While defendant agrees that a liquidated damage provision normally precludes an owner from recovering for actual damages attributable to contractor delay, in accord with *X.L.O. Concrete Corp.,* it nonetheless maintains that this case is distinguishable on two bases. Defendant argues that unlike the contractor in *X.L.O. Concrete Corp.,* plaintiffs did not timely seek extensions for any purported owner delay, and thus failed to preserve the liquidated damage provision *(cf. X.L.O. Concrete Corp. v Brady & Co.,* 104 AD2d 181, 185, *supra; see, Mosler Safe Co. v Maiden Lane Safe Deposit Co.,* 199 NY 479, 486-489). Although the record in this case is unclear as to the extension requests made, if any, we cannot agree with defendant's premise that the failure to make such a request vitiates the liquidated damage provision. In *Stevenson Corp. v County of Westchester* (113 AD2d 918), the Appellate Division, Second Department, determined that the mere inclusion of a contract provision authorizing the owner's representative to grant extensions for owner delay preserved

the obligation to pay liquidated damages *(id.,* p 921). Defendant cannot dispute that the instant contract provides it with similar extension authority. Moreover, one of the essential purposes of a contract extension provision is to preserve the date from which liquidated damages are to run where certain delays are attributable to the owner. Preservation of an allocation date serves to protect a contractor in an instance of owner delay by crediting the contractor for those delays. We recognize that the *Mosler* decision held that unless the liquidated damage provision was preserved in an instance of mutual fault, the parties were entitled to recover for actual loss *(Mosler Safe Co. v Maiden Lane Safe Deposit Co., supra,* pp 487-489). That decision, however, dealt with an instance where the liquidated damages sought by the owner far exceeded the actual delay damages *(see, X.L.O. Concrete Corp. v Brady & Co.,* 104 AD2d 181, 186, *supra).* The opposite is true here, where defendant concedes that the liquidated damages are only a fraction of the actual loss. In such an instance, to allow an owner to vitiate a liquidated damage clause simply because the contractor failed to seek extensions for owner delay would effectively allow the owner to reap the benefits of his own wrongdoing. As *X.L.O. Concrete Corp.* instructs, "[s]uch a result is as inequitable as it is illogical" *(id.).* Accordingly, we hold that the question of whether plaintiffs timely obtained delay extensions pursuant to the contract speaks only to the amount of liquidated damages recoverable, not to the viability of the bargained-for liquidated damage provision.

Defendant further contends that the fifth counterclaim seeks damages not only for plaintiffs' delay but also for plaintiffs' unreasonable removal of forces from the jobsite, plaintiffs' failure to coordinate and control the work of subcontractors and equipment vendors, and plaintiffs' failure to cooperate and coordinate work with other contractors. Defendant maintains that a distinction between the delay factor and the other components in this counterclaim can be developed at trial, and thus summary judgment dismissing this counterclaim in its entirety would be inappropriate. As plaintiffs point out, however, defendant never raised this distinction at Special Term and simply asserted that a question of fact existed as to whether the parties were mutually responsible for the delay, in which event the liquidated damage provision would be obviated *(see, Babylon Assoc. v County of Suffolk,* 101 AD2d 207, 217). It follows that the distinction may not be asserted for the first time on appeal. In any event, the listed components set forth in the counterclaim all essen-

tially speak to delay and thus fall within the scope of the liquidated damages provision.

We conclude that the liquidated damage clause in the contract is valid and that defendant, which prepared the contract and imposed both the liquidated damage provision and $500 per day figure, should not now be permitted to deny its validity or applicability. "The rule is well established that a valid contractual provision for liquidated damages controls the rights of the parties in the event of a breach, notwithstanding that the stipulated sum may be less than the actual damages allegedly sustained by the injured party" *(X.L.O. Concrete Corp. v Brady & Co.,* 104 AD2d 181, 184, *supra).* It would be unjust and unfair to permit defendant to vitiate the bargained-for liquidated damage clause and to recover its actual damages by asserting that delay in completion was or may have been caused by fault attributable to both itself and plaintiffs, thereby profiting from its own wrong *(see, X.L.O. Concrete Corp. v Brady & Co.,* 104 AD2d 181, 186, *supra).* Therefore, the order denying plaintiffs' motion to strike defendant's fifth counterclaim should be reversed and the motion granted. We note that the affirmative defenses and counterclaims contained in the amended answer afford defendant ample opportunity to assert defenses to the complaint and claims for damages for alleged breach of contract, other than for liquidated damages for delay. On the other hand, defendant's motion for leave to amend the answer to assert a counterclaim for liquidated damages and indemnification was properly granted by Special Term.

Order modified, on the law, without costs, by reversing so much thereof as denied plaintiffs' motion to strike the fifth counterclaim; motion granted and said counterclaim stricken; and, as so modified, affirmed. Mahoney, P. J., Kane, Casey and Weiss, JJ., concur.