■ F. Armand Saiia, Appellant, v State of New York, Respondent. (Claim No. 77185.)—Judgment unanimously reversed on the law without costs, judgment granted in favor of claimant and matter remitted to Court of Claims for a trial on damages only in accordance with the following Memorandum: Although it found that the State was negligent in failing to keep stairs at Roswell Park Memorial Institute in proper repair, the Court of Claims, following a bifurcated trial, dismissed the claim based upon its determination that claimant's inattentiveness and failure to observe the obvious condition was the superseding proximate cause of her injuries. We conclude that the evidence was insufficient as a matter of law to support such a determination (see, Denkensohn v Davenport, 75 NY2d 25, 36; Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315, rearg denied 52 NY2d 784). Inasmuch as claimant appeals from a judgment rendered following a bench trial, we are empowered to grant the judgment that should have been granted, including the apportionment of liability (see, Don Vito v State of New York, 182 AD2d 1070, 1071). Thus, we reverse the judgment, find for the claimant and apportion liability as

50% against the State and 50% against the claimant and remit the matter for a trial on the issue of damages only. (Appeal from Judgment of Court of Claims, McMahon, J.—Negligence.) Present—Callahan, J. P., Pine, Lawton, Boehm and Fallon, JJ.