■ MARJORIE M. MONTROSS, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 85154.) [631 NYS2d 953] —Judgment unanimously reversed on the law and facts with costs, judgment ordered and matter remitted to Court of Claims for further proceedings in accordance with the following Memorandum: Claimant appeals from a judgment of the Court of Claims, entered following a trial on the issue of liability, which dismissed her claim for injuries sustained in a slip and fall inside the Visitor's Processing Center at the Collins State Correctional Facility. Claimant slipped in approximately one inch of rainwater that had run into the building when its exterior door was opened earlier that morning. Claimant alleged that the State was negligent in designing and constructing the building, its entrance, and its drainage system, in failing to warn visitors of the hazard, and in failing to mop up the water before opening the building to visitors. In dismissing the claim, the court found that claimant had not sustained her burden of establishing the State's negligence by a preponderance of the evidence.

We conclude that the proof establishes the State's negligence. About six weeks before the accident, the State addressed the recurrent problem of rainwater infiltrating the building by installing a storm drain outside the entrance, at the foot of the sidewalk leading from the parking lot. The drain proved inadequate to solve the problem. The State's witness admitted that the drain was installed without plans or study and, more critically, that the drain was not tested following installation. Moreover, we find that the State on the date of the accident failed to take reasonable steps to protect visitors from the extreme hazard presented by the heavy accumulation of water on the tile floor of the Visitor's Center. Further, the testimony of claimant and her witnesses, which we credit over the prison guard's testimony, established an unreasonable delay of at least 45 minutes in undertaking the cleanup. We find that the State failed to act reasonably to maintain the premises in a reasonably safe condition in view of all of the circumstances, including the likelihood of injury, the potential seriousness of such injury, and the relatively slight burden of rectifying the hazard (see generally, Preston v State of New York, 59 NY2d 997, 998; Basso v Miller, 40 NY2d 233, 241).

On the other hand, we find that claimant bears some responsibility for her injuries. The flood condition was open and obvious; claimant could see the water and feel it with her

feet. We thus reverse the judgment, order that an interlocutory judgment apportioning liability 50% to defendant and 50% to claimant be entered, and remit the matter for further proceedings, including a trial on damages. (Appeal from Judgment of Court of Claims, NeMoyer, J.—Negligence.) Present—Denman, P. J., Lawton, Wesley, Doerr and Balio, JJ.