INTERNATIONAL FIDELITY INSURANCE COMPANY, Respondent-Appellant, v COUNTY OF CHAUTAUQUA, Appellant-Respondent. [667 NYS2d 172] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Defendant, County of Chautauqua (County), entered into an agreement with Tiller Construction Corp. (Tiller) in July 1992 for construction of a $2,020,000 addition to the Chautauqua County Jail. Thereafter, plaintiff, International Fidelity Insurance Company (IFIC), as surety, and Tiller, as principal, executed a performance bond in favor of the County. In May 1993, before the work was completed, the County declared Tiller to be in default, terminated Tiller's right to complete the work and demanded that IFIC complete the work pursuant to the performance bond. In August 1993, the County and IFIC entered into a Takeover Agreement whereby IFIC undertook to complete the work pursuant to its bond. IFIC retained another contractor, which completed the work approximately a year and a half after the deadline established by the original contract. The County paid IFIC $585,250 for completion of the work, but retained $270,554.40 as compensation for the expenses of delay and completion, the costs of correcting Tiller's work, liquidated damages for delay of $100 per day, and attorney's fees.

Subsequently, IFIC commenced this action for breach of contract, seeking the unpaid contract balance of $270,554.40. In its answer, the County alleged as an affirmative defense that it properly retained the $270,554.40. The County interposed a counterclaim seeking an additional $301,402.80 in lost revenues attributable to the County's inability, as a result of the alleged delay in completing the work, to house Federal prisoners in the new jail between July 17, 1993 and February 16, 1995.

IFIC moved (1) for summary judgment dismissing the affirmative defense and counterclaim and for judgment on the complaint on the ground that the County had failed to submit its claims to the architect, allegedly a contractual condition prece-

dent to litigation of such claims; or (2) for partial summary judgment dismissing the counterclaim on the ground that liquidated damages are the County's sole remedy for delay. Supreme Court denied the first prong of the motion, but granted the second prong.

On IFIC's cross appeal, we affirm so much of the order as denied IFIC's motion for summary judgment dismissing the County's affirmative defense and counterclaim and for judgment on the complaint. Under the contract, although the architect was to determine the acceptability and fitness of workmanship and materials, the architect had no role in the payment process in general, or in the case of a dispute between the County and IFIC in particular. Further, the "architect decision" provisions of the contract were included for the benefit of the County, which was authorized to supplant the architect at any point in the dispute resolution process, at the County's election.

On the County's appeal, however, we modify the order by denying that part of IFIC's motion for partial summary judgment dismissing the County's counterclaim. Generally, where an owner and contractor have agreed that the owner will receive liquidated damages because of the contractor's delay in completing the project, that provision will be enforced as the owner's exclusive remedy, thus precluding any claim by the owner for actual damages (*see, General Supply & Constr. Co. v Goelet*, 241 NY 28, 37-38, *mot to amend remittitur granted* 241 NY 507; *Mars Assocs. v Facilities Dev. Corp.*, 124 AD2d 291, 292-294; *Stevenson Corp. v County of Westchester*, 113 AD2d 918, 921; *X.L.O. Concrete Corp. v Brady & Co.*, 104 AD2d 181, 184-186, *affd* 66 NY2d 970 *for reasons stated below*). Nonetheless, under the circumstances presented here, we conclude that liquidated damages are not the County's exclusive remedy. The County may recover lost income and other actual damages stemming from the surety's delay in completing the project.

The County's counterclaim against the bonding company arises out of the performance bond, not the original contract. By the terms of the bond, IFIC not only assumed the contractual obligations agreed to by its principal but expressly assumed obligations of its own, including the obligation to complete the contract "promptly". Further, IFIC expressly agreed, in the event of a breach of such obligations, to pay "[a]dditional legal, design professional and *delay costs* resulting from the Contractor's Default, and resulting from the actions or failure to act of the Surety" (emphasis supplied). We thus conclude that the County may recover actual damages,

including lost income, attributable to the surety's alleged delay in completing the project. We further conclude that the County's claim for actual damages was impliedly reserved by virtue of the "but not limited to" language of the Takeover Agreement. We therefore modify the order by denying that part of IFIC's motion for summary judgment dismissing the counterclaim and by reinstating the counterclaim. (Appeals from Order of Supreme Court, Chautauqua County, Ward, J.— Summary Judgment.) Present—Denman, P. J., Lawton, Hayes, Balio and Boehm, JJ.