■ Luca Iacampo et al., Respondents, v State of New York, Appellant. (Claim No. 86220.) [700 NYS2d 618] —Judgment unanimously affirmed without costs. Memorandum: Defendant appeals from a judgment of the Court of Claims finding it 70% responsible for injuries sustained by Luca Iacampo (claimant) while he was employed by Santaro Industries, Inc. (Santaro) working on a State highway project in Syracuse. The court further found that claimant and Santaro were each 15% responsible for the injuries. Previously, we affirmed the order that denied defendant's motion for summary judgment dismissing the claim (*Iacampo v State of New York*, 226 AD2d 1052). On this appeal, defendant contends that the evidence does not establish common-law negligence or a violation of Labor Law §§ 200 or 241 (6), that it is entitled to qualified immunity, and that the court's allocation of liability is not supported by the evidence. We reject those contentions.

We resolved in the prior appeal the applicability of Labor Law § 241 (6) and the regulation of the Industrial Code relied upon by claimants, 12 NYCRR 23-1.7 (f). With respect to the Labor Law § 200 and common-law negligence cause of action, it is not disputed that defendant had notice that claimant, his fellow workers, and employees of defendant were crossing active lanes of traffic on Route 690 through the City of Syracuse

and that defendant had the authority to control that practice. Thus, defendant failed to provide claimant with a safe place to work in violation of its statutory and common-law duties. Defendant contends that claimant's own negligence was the sole proximate cause of the accident because claimant should have used an exit ramp to reach the worksite instead of crossing active lanes of traffic. Claimant's act was not "of such an extraordinary nature or [did not] so attenuate[ ] * * * defendant's conduct from the ultimate injury that responsibility for the injury may not be reasonably attributed to * * * defendant" (*Farrell v Lowy*, 192 AD2d 691). In any event, the court properly considered that claimant was responsible in part for his injuries when it apportioned 15% liability to him.

Defendant is not entitled to qualified immunity because its alleged negligence was not limited to a planning decision (*see, Ernest v Red Cr. Cent. School Dist.*, 93 NY2d 664, 673, *rearg denied* 93 NY2d 1042; *Elmer v Kratzer*, 249 AD2d 899, 901, *appeal dismissed* 92 NY2d 921; *see generally, Weiss v Fote*, 7 NY2d 579, *rearg denied* 8 NY2d 934).

Finally, although we have the power in this nonjury case to "grant the judgment that should have been granted, including the apportionment of liability" (*Saiia v State of New York*, 190 AD2d 1059), we conclude that the finding of the court with respect to allocation of liability is not unreasonable (*see, Kandrach v State of New York*, 188 AD2d 910, 912-913; *Koester v State of New York*, 90 AD2d 357, 363-364). (Appeal from Judgment of Court of Claims, Midey, Jr., J.—Negligence.) Present—Denman, P. J., Green, Pigott, Jr., Hurlbutt and Balio, JJ.