■ RAQUEL DE LOS SANTOS, Respondent, v STATE OF NEW YORK, Appellant. [736 NYS2d 330] —Judgment, Court of Claims of the State of New York (Alan Marin, J.), entered November 22, 2000, after a nonjury trial, awarding claimant damages for injuries sustained in a slip and fall on a staircase at the entrance of defendant's building, and, insofar as appealed from as limited by the briefs, apportioning responsibility 80% against defendant and 20% against claimant, unanimously affirmed, without costs. Appeals from decision and order, same court and Justice, entered April 27, 2000 and November 13, 2000, respectively, unanimously dismissed, without costs.

The 80%-20% apportionment is supported by a fair interpretation of the evidence (*see, Thoreson v Penthouse Intl.*, 80 NY2d 490, 495; *Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499). The trial evidence shows that, on the day of the accident, defendant failed to take its usual rainy day precautions of putting down mats at the top and bottom of the staircase in question and putting up signs warning of wet floors, that the staircase had long-standing defects in violation of Building Code requirements for stair treads and risers (9 NYCRR 765.4 [a] [9]), that such defects could have been repaired without undue expense or disruption, that claimant was holding the handrail as she descended and fell when her foot slipped out in a dished out area with worn out treads, and that the latter defect was a substantial contributing factor to the accident. While claimant was hurrying and not looking down as she descended, a lack of care for which she was found 20% culpable, the defect in the staircase was, as the trial court described it, "subtle not obvious" (*compare, Montross v State of New York*, 219 AD2d 845, 845-846; *Saiia v State of New York*, 190 AD2d 1059), in its effect on balance. We have considered

defendant's other arguments and find them unavailing. Concur—Nardelli, J.P., Williams, Saxe, Wallach and Friedman, JJ.