■ BLUE HERON CONSTRUCTION COMPANY, LLC, Respondent, v VILLAGE OF NUNDA, Appellant. [881 NYS2d 573]—

Appeal from an order of the Supreme Court, Livingston County (Kenneth R. Fisher, J.), entered October 29, 2008 in an action for breach of contract and unjust enrichment. The order, insofar as appealed from, denied in part defendant's motion for summary judgment.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted in its entirety and the complaint is dismissed.

Memorandum: Plaintiff commenced this action seeking damages for the alleged breach by defendant of its construction contract with plaintiff and for unjust enrichment. According to plaintiff, it fully and adequately performed the work of the contract, and defendant thus owed plaintiff the sum of $69,205.23, representing $54,500 in liquidated damages based on plaintiff's failure to comply with the contract insofar as it required substantial completion of the work by the contractual deadline, and a retainage amount of $14,705.23 based on the termination of the contract prior to final completion of the work. Defendant contends on appeal that Supreme Court should have granted its motion for summary judgment dismissing the complaint in its entirety, rather than only granting that part of the motion dismissing the claim for lost profits. We agree.

We note at the outset our agreement with defendant that the court erred in denying its motion in part, inasmuch as plaintiff failed to seek the requisite extension of the deadline for substantial completion. "It is well settled that, where parties have set forth their agreement in an unambiguous and complete document, that agreement should be enforced according to its terms" (*Westfield Family Physicians, P.C. v HealthNow N.Y., Inc.*, 59 AD3d 1014, 1015 [2009]; *see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]). The dates by which substantial completion and final completion of the project were required were set forth in section 12.02 (A) of the contract, which refers to "Contract Times." Any adjustment with respect to those dates could be made only by a written "Change Order" or a "Claim" for an adjustment, pursuant to section 12.02 (B) of the contract. Article 12 of the contract sets forth a metric by which any "Claim" for an adjustment of the "Contract Times" was to be covered, but it did not relieve plaintiff of its obligation to seek such an extension in the event that defendant was responsible for the delay. It is undisputed that plaintiff did not request an extension of the "Contract Times," nor did it achieve substantial completion or final completion of the work of the contract by the contractual deadline.

We further agree with defendant that the liquidated damages provision of the contract was enforceable. "As a general rule, where the delays are caused by the mutual fault of the parties, a liquidated damage clause is abrogated and each party must resort to an action to recover its actual damages" (*J. R. Stevenson Corp. v County of Westchester*, 113 AD2d 918, 921 [1985]; *see Mosler Safe Co. v Maiden Lane Safe Deposit Co.*, 199 NY 479, 486 [1910]). Where, however, the contract includes a provision allowing it to be extended for causes beyond the contractor's control, the obligation to pay liquidated damages is preserved (*see X.L.O. Concrete Corp. v Brady & Co.*, 104 AD2d 181, 186 [1984], *affd* 66 NY2d 970 [1985]; *Mosler Safe Co.*, 199 NY at 486-487; *Mars Assoc. v Facilities Dev. Corp.*, 124 AD2d 291, 292-293 [1986]; *J. R. Stevenson Corp.*, 113 AD2d at 921-922). We reject the contentions of plaintiff that the assessment of liquidated damages is inequitable based on the dispute with respect to the cause of its delay in substantially completing the work and that defendant waived the provision of the contract requiring timely completion of the work (*see generally Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d 966, 968 [1988]; *Deep v Clinton Cent. School Dist.*, 48 AD3d 1125, 1126 [2008]). Plaintiff's contention that defendant may not impose liquidated damages because such damages were substantially higher than any actual damage sustained by defendant is raised for the first time on appeal and thus is not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [1994]). Present—Hurlbutt, J.P., Martoche, Fahey, Carni and Pine, JJ.