# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

520

CA 12-01882

PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND WHALEN, JJ.

---

S.J. KULA, INC., PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

KEVIN CARRIER AND SHELLY CARRIER, DOING
BUSINESS AS CARRIER SALVAGE AND RECYCLING, LLC,
DEFENDANTS-APPELLANTS.

---

HALL AND KARZ, CANANDAIGUA (PETER ROLPH OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

MERKEL AND MERKEL, ROCHESTER (DAVID A. MERKEL OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Yates County (W. Patrick Falvey, A.J.), entered December 15, 2011. The judgment awarded plaintiff money damages after a nonjury trial.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the award of damages and interest and substituting therefor an award of $8,290 with interest at a rate of 9% per annum commencing August 2, 2008 and as modified the judgment is affirmed without costs.

Memorandum: Plaintiff commenced this action for, inter alia, quantum meruit, alleging that defendants owed a balance of $31,720 based on their failure to pay plaintiff for the construction of a horseshoe driveway at defendants' place of business. Defendant Kevin Carrier (Kevin) asserted a counterclaim seeking damages for plaintiff's repossession of a "lowboy" semitrailer, which plaintiff had agreed to sell to Kevin, and for which plaintiff had accepted $7,000 as partial payment. After a nonjury trial, Supreme Court granted plaintiff judgment on its cause of action for quantum meruit in the amount of $31,720, less an offset of $7,255 for damages awarded to Kevin against plaintiff on his counterclaim, for total damages in the amount of $24,465. The court also awarded plaintiff statutory interest of $7,339.50 on those damages from the period of August 2, 2008, i.e., the date of plaintiff's invoice for work on the driveway, and thus entered judgment against defendants in the amount of $31,804.50.

We reject defendants' contention that the amended complaint failed to place defendants on notice of plaintiff's claim for damages on the theory of quantum meruit (*see Clark v Torian*, 214 AD2d 938,

938; *see also* CPLR 3013, 3026).  We also conclude that there is no merit to defendants' contention that plaintiff failed to prove at trial the "good faith" element of quantum meruit (*see generally Pulver Roofing Co., Inc. v SBLM Architects, P.C.*, 65 AD3d 826, 827).

We agree with defendants, however, that there is no fair interpretation of the evidence supporting the court's conclusion that plaintiff is entitled to $24,465 in damages (*cf. Matter of City of Syracuse Indus. Dev. Agency [Alterm, Inc.]*, 20 AD3d 168, 170).  Plaintiff advanced a claim for approximately $30,000 based largely on the self-serving testimony of plaintiff's representative as to the extent and value of the project.  Although plaintiff submitted in evidence an invoice to defendants in support of its claim, we note that the invoice contains no meaningful detail; incorrectly totals the amount due for the work, resulting in a mathematical error, which the court appears not to have acknowledged; and was not prepared contemporaneously with the completion of the project, but was tendered to defendants approximately seven months after the work was finished.  Moreover, plaintiff failed to submit any evidence—such as worksheets, receipts, or other documentation—supporting the charges listed in the invoice.

The testimony of plaintiff's representative with respect to the extent and value of the project was also contradicted by defendants' witnesses at trial.  One of plaintiff's former employees who testified on behalf of defendants undermined significant portions of the testimony of plaintiff's representative with respect to the extent of the project.  With respect to value, that employee, drawing on his experience in gravel driveway installation, also estimated the price of the project at approximately $8,000.  A former employee of Kevin, who had estimated "over a thousand" similar gravel driveway projects, likewise testified that a reasonable price for plaintiff's services in constructing defendants' driveway would be between $6,500 and $8,000.  In addition, an excavation and driveway installation expert who testified for defendants estimated that the subject work should have cost approximately $8,290.  We reject plaintiff's contention that the expert's estimate lacked a proper foundation because it was based on the unsupported factual assumption that there was a preexisting driveway.  To the contrary, two other witnesses testified that there had been a preexisting driveway, and thus we conclude that there was a proper factual foundation for the expert's estimate (*see Latour v Hayner Hoyt Corp.*, 13 AD3d 1147, 1148).

Plaintiff is correct that "[p]roof of damages may be based upon oral testimony alone, so long as the witness has knowledge of the actual costs" (*Reed Paving v Glen Ave. Bldrs.*, 148 AD2d 934, 935; *see CNP Mech., Inc. v Allied Bldrs., Inc.*, 84 AD3d 1748, 1749), and that the customary means of calculating damages on a quantum meruit basis in a construction case is actual job costs plus profit minus amount paid (*see TY Elec. Corp. v DelMonte*, 101 AD3d 1626, 1626).  Nevertheless, we cannot conclude that the court's award of $31,720 is supported by a fair interpretation of the evidence (*cf. Matter of City of Syracuse Indus. Dev. Agency [Alterm, Inc.]*, 20 AD3d at 170; *see generally Home Insulation & Supply, Inc. v Buchheit*, 59 AD3d 1078,

1079; *Vineyard Oil & Gas Co. v Standard Energy Corp.*, 45 AD3d 1291, 1292).  That award was based on plaintiff's self-serving testimony and invoice, while defendants presented the testimony and estimates of three nonparty witnesses establishing that plaintiff's work was not worth more than $8,290.  Under the unique circumstances of this case, i.e., the seven-month lapse between the time that plaintiff completed the project and the time that he drafted and tendered the invoice to defendants, we conclude that the proper remedy is to adopt the highest of the project estimates from defendants' trial witnesses as the basis for the award of damages (*see generally Iacampo v State of New York*, 267 AD2d 963, 964).  Consequently, we modify the judgment by vacating the award of damages and interest and substituting therefor an award of $8,290, with interest at a rate of 9% per annum commencing August 2, 2008.

Entered:  June 14, 2013                          Frances E. Cafarell
                                                 Clerk of the Court