# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1405**
**CA 15-00976**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, WHALEN, AND DEJOSEPH, JJ.

---

SQUARE MAX LLC, PLAINTIFF-RESPONDENT,

V                                                                     MEMORANDUM AND ORDER

JOHN T. TRICKEY, JR., JOHN T. TRICKEY, JR., INC.,
AND JOHN J. TRICKEY, JR., INC.,
DEFENDANTS-APPELLANTS.

---

EVANS & FOX LLP, ROCHESTER (MATTHEW M. PISTON OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

MORGENSTERN DEVOESICK PLLC, PITTSFORD (BRIAN R. HENZEL OF COUNSEL),
FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Matthew
A. Rosenbaum, J.), entered January 30, 2015. The order denied
defendants' motion to dismiss the complaint.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by granting that part of the motion
seeking dismissal of the first cause of action, and dismissing that
cause of action, and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for
breach of contract and fraud. In its first cause of action, plaintiff
alleged that defendants breached the parties' purchase and sale
contract, along with the covenant of good faith and fair dealing, by
making false and misleading statements with respect to the properties
they owned. In its second cause of action, plaintiff alleged, inter
alia, that defendants made false and misleading statements, which were
known by defendants to be false and made with the intent to deceive
plaintiff and "to induce it to purchase the [p]roperties based upon
incorrect occupancy and rent numbers, and without knowledge" of a
lease that was executed by and between defendants. Defendants moved
to dismiss the complaint pursuant to CPLR 3211, and Supreme Court
denied the motion.

The court erred in denying that part of defendants' motion
seeking dismissal of the first cause of action, for breach of
contract, and we therefore modify the order accordingly. It is well
established that "[a] cause of action based upon a breach of a
covenant of good faith and fair dealing requires a contractual
obligation between the parties" (*Duration Mun. Fund, L.P. v J.P.
Morgan Sec. Inc.*, 77 AD3d 474, 474-475). Here, at the time of the

alleged breach of contract and implied covenant, i.e., when defendants made certain representations regarding vacancy and rental values of the building and when they executed a lease in derogation thereof, there was no contract.  Contrary to plaintiff's further contention, there is no viable breach of contract cause of action inasmuch as there is no obligation in the contract to disclose the lease other than through the "due diligence" process set forth in a clause of the contract, which defendants complied with and performed.

The court properly denied, however, that part of defendants' motion seeking dismissal of the second cause of action, for fraud. Preliminarily, although defendants' notice of motion sought dismissal of the complaint pursuant to CPLR 3211 (a) (1), (5), and (7), with respect to the fraud cause of action, defendants' arguments for dismissal concerned only CPLR 3211 (a) (7).  Therefore, defendants' present contentions with respect to CPLR 3211 (a) (1) and (5) are not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985) and, in any event, we conclude that they are without merit.

In assessing a motion under CPLR 3211 (a) (7), "[i]t is axiomatic that plaintiff's complaint is to be afforded a liberal construction, that the facts alleged therein are accepted as true, and that plaintiff is to be afforded every possible inference in order to determine whether the facts alleged in the complaint 'fit within any cognizable theory' " (*Palladino v CNY Centro, Inc.*, 70 AD3d 1450, 1451).  Here, plaintiff alleged that, during the negotiations of the contract, defendants' representations regarding the occupancy of the building and the rental values for certain floors were false and that plaintiff relied on those representations in executing the contract. Plaintiff further alleged that the representations were known by defendants to be false and were made with the intent to deceive plaintiff.  We therefore conclude that plaintiff has stated a claim for fraud inasmuch as it "sufficiently pleaded the elements of a material representation, scienter, justifiable reliance, and damages to support such a claim" (*Flandera v AFA Am., Inc.*, 78 AD3d 1639, 1640-1641; *see Graubard Mollen Dannett & Horowitz v Moskovitz*, 86 NY2d 112, 122).

In view of our determination, we need not reach defendants' remaining contentions.

Entered:  April 29, 2016                      Frances E. Cafarell
                                               Clerk of the Court