# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1129**
**CA 16-00477**
PRESENT: SMITH, J.P., DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

JEFFREY CIANCHETTI, DC, PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

PHYLLIS BURGIO, DC, DEFENDANT-APPELLANT.

---

ROSCETTI & DECASTRO, P.C., NIAGARA FALLS (JAMES C. ROSCETTI OF COUNSEL), FOR DEFENDANT-APPELLANT.

TISDALE & COYKENDALL, NIAGARA FALLS (THOMAS J. CASERTA, JR., OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Niagara County (Mark Montour, J.), entered June 12, 2015. The order granted plaintiff money damages for breach of contract.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for, inter alia, breach of contract arising out of defendant's sale of a chiropractic practice to plaintiff. After discovery, plaintiff moved for partial summary judgment on the issue of defendant's liability for breach of contract, and defendant cross-moved for summary judgment dismissing the complaint. Each party contended in support of his or her requested relief that the terms of the contract were clear and unequivocal. Supreme Court, inter alia, denied defendant's cross motion based on its conclusion that the contract was ambiguous and, on a prior appeal, this Court affirmed that determination (*Cianchetti v Burgio*, 89 AD3d 1410, 1411). The matter proceeded to a nonjury trial, and defendant now appeals from an order in which the court, among other things, concluded that defendant breached the parties' contract and awarded plaintiff damages for that breach. We affirm.

Initially, we reject defendant's contention that the contract was not ambiguous. We previously affirmed the court's determination that the contract was ambiguous, and "[o]ur prior decision in [a] case is the law of the case until modified or reversed by a higher court" (*Senf v Staubitz*, 11 AD3d 997, 997; see *J.N.K. Mach. Corp. v TBW, Ltd.*, 98 AD3d 1259, 1260). We also reject defendant's contention that the court erred, when interpreting the contract, in using extrinsic evidence to ascertain the intent of the parties. It is well settled that, although "matters extrinsic to the agreement may not be considered when the intent of the parties can be gleaned from the face

of the instrument" (*Chimart Assoc. v Paul*, 66 NY2d 570, 572-573), where the contract "on its face is reasonably susceptible of more than one interpretation," it is ambiguous (*General Motors, LLC v B.J. Muirhead Co., Inc.*, 120 AD3d 927, 928 [internal quotation marks omitted]), and "the intent of the contracting parties may properly be determined based on the extrinsic evidence submitted by the parties" (*T.L.C. W., LLC v Fashion Outlets of Niagara, LLC*, 60 AD3d 1422, 1423).

With respect to defendant's contention that the court erred in determining that she breached the contract, we note that, inasmuch as this is a determination after a nonjury trial, "[o]ur scope of review is as broad as that of the trial court" (*Matter of Capizola v Vantage Intl.*, 2 AD3d 843, 844).  It is well settled, however, that the decision of a court following a nonjury trial should not be disturbed on appeal "unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence, especially [where, as here,] the findings of fact rest in large measure on considerations relating to the credibility of witnesses" (*Thoreson v Penthouse Intl.*, 80 NY2d 490, 495, *rearg denied* 81 NY2d 835 [internal quotation marks omitted]).  Moreover, when conducting such a review, we must view the record "in the light most favorable to sustain the judgment" (*Farace v State of New York*, 266 AD2d 870, 871; *see A&M Global Mgt. Corp. v Northtown Urology Assoc., P.C.*, 115 AD3d 1283, 1286).  Upon conducting that review, we conclude that there is a fair interpretation of the evidence supporting the court's determination that defendant breached the contract.  We have considered defendant's specific contentions, including those with respect to the unforeseeable nature of her medical condition, the number of patient visits to the chiropractic practice, and plaintiff's alleged lack of due diligence, and we conclude that they do not require a different result.

Finally, contrary to defendant's further contention, the amount of damages is "supported by competent evidence and is within the range of the expert testimony" (*Manlius Ctr. Rd. Corp. v State of New York*, 49 AD2d 685, 685; *cf. S.J. Kula, Inc. v Carrier*, 107 AD3d 1541, 1542; *see generally Matter of City of Syracuse Indus. Dev. Agency [Alterm, Inc.]*, 20 AD3d 168, 170).

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court