Pitts v State of New York (2018 NY Slip Op 07567)





Pitts v State of New York


2018 NY Slip Op 07567


Decided on November 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


1041 CA 17-01999

[*1]DUVAL PITTS, CLAIMANT-RESPONDENT,
v
STATE OF NEW YORK, DEFENDANT-APPELLANT. (CLAIM NO. 120886.) 






BARBARA D. UNDERWOOD, ATTORNEY GENERAL, ALBANY (JEFFREY W. LANG OF COUNSEL), FOR DEFENDANT-APPELLANT. 
 


 Appeal from a judgment of the Court of Claims (Renee Forgensi Minarik, J.), entered October 4, 2017. The judgment found defendant 100% responsible for claimant's injuries. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Claimant, an inmate at a state correctional facility, commenced this negligence action seeking damages for injuries he sustained when he was assaulted by a fellow inmate during an afternoon recreation session. Following the liability portion of a bifurcated trial, the Court of Claims determined that defendant was negligent and was fully responsible for claimant's injuries. Defendant now appeals.
Contrary to defendant's contention, the court properly determined that defendant's failure to continuously post officers in the subject recreation yard was a proximate cause of claimant's injuries. At trial, claimant's expert testified that direct supervision, i.e., supervision without any physical barriers, serves as a deterrent against inmate assaults. Yet defendant employed a practice in which there was no direct supervision of inmates in the recreation yard for approximately 30 minutes each day during a "shift change" in the tower overlooking the yard. Also, certain prison personnel testified at trial that there was an increase in "incidents" in the yard during the shift change. In light of that testimony and the other evidence adduced at trial, we conclude that a fair interpretation of the evidence supports the court's determination that defendant's decision to remove the officers from the yard during the shift change was a proximate cause of claimant's injuries (see Cianchetti v Burgio, 145 AD3d 1539, 1540-1541 [4th Dept 2016], lv denied 29 NY3d 908 [2017]; Farace v State of New York, 266 AD2d 870, 870-871 [4th Dept 1999]; see generally Sanchez v State of New York, 99 NY2d 247, 252-255 [2002]).
Finally, we reject defendant's contention that the claim is barred by governmental function immunity. Defendant waived that affirmative defense inasmuch as defendant did not plead it in its amended answer (see CPLR 3018 [b]; see also Valdez v City of New York, 18 NY3d 69, 78 [2011]; Murchison v State of New York, 97 AD3d 1014, 1017 [3d Dept 2012]; Vasquez v Figueroa, 262 AD2d 179, 180 [1st Dept 1999]; see generally Centi v McGillin, 155 AD3d 1493, 1495 [3d Dept 2017], lv dismissed 31 NY3d 1144 [2018]; Griffith Energy, Inc. v Evans, 85 AD3d 1564, 1566 [4th Dept 2011]).
Entered: November 9, 2018
Mark W. Bennett
Clerk of the Court