Howard v Pooler (2020 NY Slip Op 03347)





Howard v Pooler


2020 NY Slip Op 03347


Decided on June 12, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, AND CURRAN, JJ.


1012 CA 18-01322

[*1]WILLIAM HOWARD, SUING IN THE RIGHT OF ARCHER RD. VISTA LLC, WILLIAM HOWARD, INDIVIDUALLY, AND WESTSIDE DEVELOPMENT OF ROCHESTER, INC., PLAINTIFFS-RESPONDENTS,
v
GARY L. POOLER, DEFENDANT-APPELLANT, ARCHER RD. VISTA LLC, AND GARY L. POOLER, AS MANAGER OF ARCHER RD. VISTA LLC, INTERVENORS-APPELLANTS. (APPEAL NO. 1.) 






ERNSTROM & DRESTE, LLP, ROCHESTER (MARTHA A. CONNOLLY OF COUNSEL), AND MORGANSTERN DEVOESICK PLLC, PITTSFORD, FOR DEFENDANT-APPELLANT.
UNDERBERG & KESSLER LLP, ROCHESTER (DAVID M. TANG OF COUNSEL), FOR INTERVENORS-APPELLANTS.
BOND, SCHOENECK & KING, PLLC, ROCHESTER (JOSEPH S. NACCA OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 


 Appeals from an order of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered June 1, 2018. The order, among other things, awarded plaintiff William Howard, suing in the right of Archer Rd. Vista LLC and plaintiff William Howard, individually, damages against defendant. 
It is hereby ORDERED that the order so appealed from is modified on the law by vacating the tenth ordering paragraph, and as modified the order is affirmed without costs.
Memorandum: In appeal No. 1, defendant, Gary L. Pooler, and intervenors, Archer Rd. Vista LLC (the LLC) and Gary L. Pooler, as manager of Archer Rd. Vista LLC, appeal from an order that, inter alia, awarded William Howard, suing in the right of Archer Rd. Vista LLC, and William Howard, individually (plaintiff), damages totaling more than $1.2 million against defendant. In appeal No. 2, defendant and the intervenors appeal from an order that appointed a receiver for the dissolution of the LLC. Inasmuch as the parties raise no contentions concerning that order, we dismiss appeal No. 2 (see Golf Glen Plaza Niles, Il. L.P. v Amcoid USA, LLC, 160 AD3d 1375, 1376 [4th Dept 2018]). In appeal No. 3, defendant and the intervenors appeal from an order and judgment that awarded plaintiff attorneys' fees and disbursements against defendant.
Plaintiff and defendant founded the LLC for the purpose of furthering the development of a residential subdivision. The LLC purchased approximately 300 acres of land in the Town of Chili, which plaintiff and defendant intended to develop into approved real estate lots and sell to builders. Pursuant to the operating agreement of the LLC, defendant owned 60% of the membership interests and 50% of the voting interests in the LLC, and was designated as the manager of the LLC. Plaintiff owned the remaining 40% membership interests and 50% voting interests in the LLC, and was primarily responsible, under the operating agreement, for the sale of the lots to builders. Plaintiff is one of the owners of plaintiff Westside Development of Rochester, Inc. (Westside), and the operating agreement provides that Westside would have a sewer easement and the use of certain land owned by the LLC for wetland mitigation. In [*2]addition, the operating agreement provides that plaintiff's real estate company, which is a nonparty to this action, would serve as the exclusive listing agent for each of the LLC lots, provided that it met a minimum sales quota of 15 lots per year.
Approximately five years after the LLC was founded, defendant, acting in his role as manager of the LLC, removed plaintiff and plaintiff's real estate company from their respective roles under the operating agreement of overseeing lot sales and serving as the exclusive listing agent. Subsequently, plaintiffs commenced this action, asserted thirteen causes of action for, inter alia, breach of contract and breach of fiduciary duty, and sought, inter alia, monetary damages, injunctive relief, removal of defendant as manager of the LLC, and dissolution of the LLC. The intervenors filed a verified complaint against plaintiffs seeking injunctive relief and cancellation of the notice of pendency.
Plaintiffs moved for partial summary judgment against defendant with respect to liability on three derivative causes of action on behalf of the LLC, specifically the first cause of action, for breach of contract, the seventh, for breach of fiduciary duty, and the eighth, for an accounting. In a March 2016 order from which defendant did not timely appeal, Supreme Court granted the motion with respect to the first and eighth causes of action, and also granted the motion with respect to the seventh cause of action insofar as that cause of action is based on the allegations of defendant's self-dealing, commingling of assets, and misappropriation of the LLC revenue. 
Thereafter, the court conducted a bench trial on damages for those causes of action as well as on liability and damages for the remaining causes of action. In the resulting order, which is the subject of appeal No. 1, the court ordered, as relevant here, defendant to pay damages to plaintiff individually in connection with the fourth cause of action, alleging a breach of the covenant of good faith and fair dealing on behalf of plaintiff individually. The court further awarded damages on those derivative causes of action for which liability had been previously established in the March 2016 order. The court ordered that the LLC would be dissolved and that an independent receiver would be appointed to oversee the dissolution of the LLC. Finally, the court ordered defendant "to pay damages to [plaintiff] in connection with attorneys' fees incurred by [plaintiff] as a derivative plaintiff acting on the [LLC's] behalf" and the court directed plaintiffs' counsel to submit an affirmation establishing the amount of attorneys' fees incurred. As noted above, the court subsequently entered the order that is the subject of appeal No. 2, which appointed an independent receiver, and the order and judgment that is the subject of appeal No. 3, which awarded plaintiff $249,312.75 in attorneys' fees and $38,905.68 in disbursements, with leave to seek additional attorneys' fees and costs incurred in enforcement of the judgment.
Contrary to the contentions of defendant and the intervenors at oral argument and in their post-argument submissions, the order in appeal No. 1 is not "one that disposes of all of the causes of action between the parties in the action or proceeding and leaves nothing for further judicial action apart from mere ministerial matters" (Burke v Crosson, 85 NY2d 10, 15 [1995]; see Abasciano v Dandrea, 83 AD3d 1542, 1544 [4th Dept 2011]). Here, "[a]lthough all of the substantive issues between the parties were resolved, the order was facially nonfinal, since it left pending the assessment of attorneys' feesa matter that plainly required further judicial action of a nonministerial nature" (Burke, 85 NY2d at 17). Further, plaintiffs' "request for attorneys' fees was an integral part of each of the asserted causes of action rather than a separate cause of action of its own," and therefore that issue cannot be implicitly severed from the other issues (id.). Thus, the order in appeal No. 1 does not constitute a " final order' " within the meaning of CPLR 5501 (a) (1) and does not bring up for our review any prior non-final order, including the March 2016 order (Abasciano, 83 AD3d at 1544). Contrary to the intervenors' contention in their post-argument submission that the order in appeal No. 1 is final with respect to their complaint, the causes of action asserted therein arise out of "the same . . . continuum of facts [and] out of the same legal relationship as the unresolved causes of action" (Burke, 85 NY2d at 16). Similarly, we cannot construe either the subsequent order in appeal No. 2, which appointed a receiver and directed certain actions "until the [LLC] is dissolved" (cf. Matter of FR Holdings, FLP v Homapour, 154 AD3d 936, 936 [2d Dept 2017]), or the order and judgment in appeal No. 3, which was limited to awarding attorneys' fees and disbursements to plaintiff in his individual capacity, as final judgments within the meaning of CPLR 5501 (a) (1).
Thus, our review of these appeals is limited to addressing only those contentions [*3]addressed to the merits of the orders and the order and judgment from which timely appeals have been taken. With respect to the merits of those contentions in appeal No. 1, inasmuch as this is a determination after a nonjury trial, our scope of review is as broad as that of the trial court. Nonetheless, " the decision of the fact-finding court should not be disturbed upon appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence, especially when the findings of fact rest in large measure on considerations relating to the credibility of witnesses' " (Thoreson v Penthouse Intl., 80 NY2d 490, 495 [1992], rearg denied 81 NY2d 835 [1993]; see Cianchetti v Burgio, 145 AD3d 1539, 1540-1541 [4th Dept 2016], lv denied 29 NY3d 908 [2017]).
Contrary to the contentions of defendant and the intervenors, the court properly concluded that plaintiff's alleged failure to make an initial capital contribution to the LLC in the manner required by the LLC's operating agreement did not preclude plaintiff from pursuing the breach of contract claims asserted in his individual capacity. We find no reason to disturb the court's factual determination, based in part on the court's consideration of defendant's credibility, that defendant and the LLC waived any alleged non-compliance with the operating agreement's requirement that plaintiff's initial contribution be in cash (see generally Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., LP, 7 NY3d 96, 104 [2006]; Town of Mexico v County of Oswego, 175 AD3d 876, 878 [4th Dept 2019]).
Defendant further contends that the court erred in the amount of damages awarded in connection with the derivative breach of fiduciary duty cause of action, on which liability had previously been imposed, because there was no showing that the LLC was harmed by his misconduct. We reject that contention. Disgorgement of profit is an appropriate remedy for a breach of fiduciary duty even where the corporation has not been damaged directly by the misconduct (see Diamond v Oreamuno, 24 NY2d 494, 498 [1969]; Excelsior 57th Corp. v Lerner, 160 AD2d 407, 408-409 [1st Dept 1990]). Further, we see no reason to disturb the court's credibility determination to give more weight to plaintiffs' expert construction consultant on overpayments rather than defendant's expert (see generally Cianchetti, 145 AD3d at 1540-1541).
Contrary to defendant's further contention, the court did not err in concluding that defendant breached the implied covenant of good faith and fair dealing as alleged in the fourth cause of action. "Encompassed within the implied obligation of each promisor to exercise good faith are any promises which a reasonable person in the position of the promisee would be justified in understanding were included . . . . This embraces a pledge that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract" (Dalton v Educational Testing Serv., 87 NY2d 384, 389 [1995] [internal quotation marks omitted]; see Paramax Corp. v VoIP Supply, LLC, 175 AD3d 939, 940-941 [4th Dept 2019]).
Here, the LLC's operating agreement provides that plaintiff "shall be primarily responsible for the Property lot sales and [LLC] relations with builders" and that defendant, individually and as manager, would "cause" the LLC to engage plaintiff's personal company as "the exclusive listing agent for each of the Property's lots" for as long as that company produced sales of a minimum of 15 lots per year. The record supports the court's determination that defendant "demonstrate[d] a lack of good faith and a breach of []regard for his obligations under the [o]perating [a]greement" by refusing to allow plaintiff to procure a new builder, denying plaintiff's request to reduce the lot prices, and terminating plaintiff's responsibilities with builder and lot sales before defendant himself entered into a contract with another builder for the sale of lots at an even lower price than that proposed by plaintiff. Thus, defendant breached the implied covenant of good faith and fair dealing by "act[ing] in a manner that, although not expressly forbidden by any contractual provision, would deprive the other party of the right to receive the benefits under their agreement" (Frankini v Landmark Constr. of Yonkers, Inc., 91 AD3d 593, 595 [2d Dept 2012]). Further, inasmuch as the court found that defendant acted in bad faith, defendant cannot claim immunity from personal liability under section 5.6 (g) of the operating agreement, which, absent such misconduct, would preclude personal liability for damages for actions taken by defendant in his managerial capacity (see Limited Liability Company Law § 417 [a]).
We also reject defendant's contention that the court erred in awarding damages to [*4]plaintiff on the fourth cause of action in the amount of plaintiff's lost commissions. The deprivation of those commissions was the "natural and probable consequence" of defendant's breach of the covenant of good faith and fair dealing (Shmueli v Whitestar Dev. Corp., 148 AD3d 1814, 1814 [4th Dept 2017]; see generally Kenford Co. v County of Erie, 73 NY2d 312, 319 [1989]).
In appeal Nos. 1 and 3, we agree with defendant that the court erred in determining that plaintiff is entitled to attorneys' fees and disbursements in his status as a derivative plaintiff acting on the LLC's behalf and in awarding such fees and disbursements, and we therefore modify the order in appeal No. 1 accordingly and reverse the order and judgment in appeal No. 3. "The basis for an award of attorneys' fees in a shareholders' derivative suit is to reimburse the plaintiff for expenses incurred on the corporation's behalf . . . . Those costs should be paid by the corporation, which has benefited from the plaintiff's efforts and which would have borne the costs had it sued in its own right" (Glenn v Hoteltron Sys., 74 NY2d 386, 393 [1989] [emphasis added]). Thus, plaintiff's success as a derivative plaintiff is not an acceptable basis for an award of attorneys' fees and disbursements against defendant individually. We have reviewed plaintiffs' alternative grounds for affirming and conclude that none warrants deviation from the general rule that "a litigant [may not] recover damages for the amounts expended in the successful prosecution or defense of its rights" (Mighty Midgets v Centennial Ins. Co., 47 NY2d 12, 21-22 [1979]).
Finally, the remaining contentions of defendant and the intervenors are not reviewable on appeal from the orders or the order and judgment appealed from in appeal Nos. 1-3.
All concur except Curran, J., who dissents and votes to further modify the order in appeal No. 1 in accordance with the following memorandum: I respectfully dissent from the majority's conclusion in appeal No. 1 that defendant may be held individually liable to William Howard (plaintiff) under the fourth cause of action in plaintiffs' complaint. That cause of action is based on allegations that defendant breached the implied covenant of good faith and fair dealing contained in the operating agreement of intervenor Archer Rd. Vista LLC (the LLC) when he purportedly violated a provision of that operating agreement to plaintiff's detriment. Supreme Court ordered that defendant individually shall pay damages to plaintiff in an amount exceeding $500,000 under the complaint's fourth cause of action. In my view, that is error because the implied obligation purportedly breached by defendant individually under the operating agreement was owed to plaintiff by the LLC—not defendant.
The contractual obligation, and any implied duty thereunder, alleged to have been breached by the fourth cause of action, existed between plaintiff and the LLC and concerned the right of plaintiff and plaintiff's real estate company to be the exclusive listing agent for the LLC with respect to lot sales. The agreement setting forth that obligation expressly stated that the LLC is the party covenanting to honor the obligation to plaintiff—not defendant. Thus, the LLC, not defendant, is liable to plaintiff for any breach of that obligation. Although defendant is a party to the agreement, he did not undertake to perform the subject covenant and, in any event, could not do so individually because the real property was owned by the LLC. Thus, I conclude that plaintiff is not entitled to relief on the fourth cause of action because there is a lack of a contractual obligation between the relevant parties, i.e., defendant and plaintiff, regarding the exclusive listing agent for the property owned by the LLC—a fundamental requirement to sustain such a claim (see Square Max LLC v Trickey, 138 AD3d 1511, 1511 [4th Dept 2016]; Duration Mun. Fund, L.P. v J.P. Morgan Sec. Inc., 77 AD3d 474, 474-475 [1st Dept 2010]). I further note that "[a] claim for breach of the implied covenant of good faith and a fair dealing cannot substitute for an unsustainable breach of contract claim" (Skillgames, LLC v Brody, 1 AD3d 247, 252 [1st Dept 2003]).
Although not alleged in plaintiffs' fourth cause of action, it is conceivable that defendant could be held liable individually to the LLC for a breach of his obligation under the operating agreement to ensure that the LLC honored its pledge that plaintiff and plaintiff's real estate company would be the LLC's exclusive listing agent. In short, the claim would be that defendant breached his duty to ensure that the LLC complied with its obligations under the operating agreement. I also note, however, the operating agreement's requirement that, before personal liability may be imposed, there must be "clear and convincing evidence" that defendant's "action or failure to act was not in good faith." Here, the court did not find defendant individually liable [*5]to the LLC under such a theory, and I see no basis for us to do so now.
In short, the majority has overlooked the LLC's corporate form to conclude that defendant is individually liable to plaintiff on an obligation owed to him only by the LLC. I would therefore further modify the order in appeal No. 1 by vacating the first and second ordering paragraphs, which awarded damages with respect to plaintiffs' fourth cause of action. I otherwise concur with the majority on the remaining issues, particularly as it pertains to its vacatur of the award of attorneys' fees in appeal No. 3. By ordering defendant to pay attorneys' fees to plaintiff in his individual capacity, rather than via the LLC, the court again completely ignored the corporate form—a point on which, in this instance, the majority and I agree.
Entered: June 12, 2020
Mark W. Bennett
Clerk of the Court