Burke v Women Gynecology & Childbirth Assoc., P.C. (2021 NY Slip Op 03686)





Burke v Women Gynecology & Childbirth Assoc., P.C.


2021 NY Slip Op 03686


Decided on June 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


156 CA 20-00194

[*1]LAUREEN BURKE, M.D., PLAINTIFF-APPELLANT,
v
WOMEN GYNECOLOGY AND CHILDBIRTH ASSOCIATES, P.C., DEFENDANT-RESPONDENT. 






HARTER SECREST & EMERY LLP, ROCHESTER (JEFFREY A. WADSWORTH OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
MCCONVILLE, CONSIDINE, COOMAN & MORIN, P.C., ROCHESTER (PETER J. WEISHAAR OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered January 13, 2020. The judgment dismissed the amended complaint. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action alleging, inter alia, that defendant breached the terms of her employment agreement with defendant. As relevant on appeal, plaintiff asserted several causes of action for breach of contract based on defendant's alleged failure to pay her full base compensation for various years pursuant to the compensation schedule set forth in the employment agreement (first cause of action), to pay her for ultrasound work she performed pursuant to a 2010 ultrasound compensation agreement (third cause of action), to pay her post-termination compensation pursuant to the employment agreement (fourth cause of action), and to pay her attorney's fees and expenses pursuant to the employment agreement (fifth cause of action). Plaintiff appeals from a judgment entered after a bench trial that, inter alia, dismissed her amended complaint.
Our scope of review in this determination after a nonjury trial is as broad as that of the trial court (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Howard v Pooler, 184 AD3d 1160, 1163 [4th Dept 2020]; Cianchetti v Burgio, 145 AD3d 1539, 1540 [4th Dept 2016], lv denied 29 NY3d 908 [2017]). It is well settled, however, that the decision of a court following a nonjury trial should not be disturbed on appeal "unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence, especially when the findings of fact rest in large measure on considerations relating to the credibility of witnesses" (Thoreson v Penthouse Intl., 80 NY2d 490, 495 [1992], rearg denied 81 NY2d 835 [1993] [internal quotation marks omitted]). Moreover, when conducting such a review, we must view the record "in the light most favorable to sustain the judgment" (Farace v State of New York, 266 AD2d 870, 871 [4th Dept 1999]; see A & M Global Mgt. Corp. v Northtown Urology Assoc., P.C., 115 AD3d 1283, 1286 [4th Dept 2014]).
Initially, we note that inasmuch as plaintiff raised in her appellate brief contentions concerning only the four causes of action identified above, she abandoned any contentions with respect to the other causes of action (see Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]). We reject plaintiff's contention that the decision of Supreme Court dismissing the first, third, fourth and fifth causes of action is not supported by a fair interpretation of the evidence.
With respect to the first cause of action, the parties' employment agreement provided that [*2]defendant reserved the right to change the base compensation percentages set forth in the compensation schedule as required to pay its overhead costs, and the other evidence at trial established that defendant exercised that right. Thus, we conclude that there is a fair view of the evidence that supports the court's determination that defendant did not breach the employment agreement by failing to pay plaintiff in accordance with the base compensation schedule during the period from 2006 to 2009 (see generally Cianchetti, 145 AD3d at 1540-1541; Suprunchik v Viti, 139 AD3d 1389, 1389-1390 [4th Dept 2016]).
We further conclude that plaintiff failed to establish that defendant breached the employment agreement by not paying her the required base compensation for the period after 2010. The evidence at trial established that, starting in 2010, plaintiff agreed to take flat salary draws. While plaintiff's expert testified at trial that plaintiff was owed additional base compensation for 2011 and 2012 pursuant to the compensation schedule in the employment agreement, that compensation schedule had been abandoned in 2010 (see generally Estate of Kingston v Kingston Farms Partnership, 130 AD3d 1464, 1465 [4th Dept 2015]) and thus did not establish the basis for any compensation owed to plaintiff thereafter. Further, records admitted at trial demonstrate that plaintiff was overpaid for her base compensation in 2011 and 2012 as a result of her monthly salary draws using the compensation formula eventually implemented by defendant. Therefore, a fair interpretation of the evidence also supports the court's determination that defendant did not breach the employment agreement by failing to pay plaintiff her full base compensation in 2011 and 2012 (see generally Cianchetti, 145 AD3d at 1541; Wenger v Alidad, 265 AD2d 322, 323 [2d Dept 1999], lv denied 94 NY2d 758 [2000]).
With respect to the third cause of action, plaintiff's expert conceded that plaintiff was not owed anything under the 2010 ultrasound compensation agreement, and thus there is a fair view of the evidence supporting the court's determination that the ultrasound compensation agreement was not breached (see generally Hetelekides v County of Ontario, 193 AD3d 1414, 1417 [4th Dept 2021]).
Regarding the fourth cause of action, while both parties agree that plaintiff was not paid post-termination compensation pursuant to the employment agreement, a fair interpretation of the evidence supports the court's determination that plaintiff failed to establish her entitlement to the post-termination compensation (see Wenger, 265 AD2d at 323; see generally Berley Indus. v City of New York, 45 NY2d 683, 686-687 [1978]). Notably, plaintiff relied upon her base compensation schedule, which was no longer in effect when she left the practice, and she did not request that her expert provide an opinion on damages related to unpaid post-termination compensation. Plaintiff's alternative damages calculation was offered for the first time on appeal and is therefore not properly before us (see Ciesinski, 202 AD2d at 985; see also Blue Heron Constr. Co., LLC v Village of Nunda, 63 AD3d 1694, 1696 [4th Dept 2009]).
Finally, with respect to the fifth cause of action, plaintiff is not entitled to attorneys' fees and costs (cf. LG Funding, LLC v Johnson & Son Locksmith, Inc., 170 AD3d 1153, 1154 [2d Dept 2019]; see generally Hooper Assoc. v AGS Computers, 74 NY2d 487, 491 [1989]).
Entered: June 11, 2021
Mark W. Bennett
Clerk of the Court